Scott F. Gautier (State Bar No. 211742)
*SGautier@RobinsKaplan.com*
Lorie A. Ball (State Bar No. 210703)
*LBall@RobinsKaplan.com*
Kevin D. Meek (State Bar No. 280562)
*KMeek@RobinsKaplan.com*
ROBINS KAPLAN LLP
2049 Century Park East, Suite 3400
Los Angeles, CA  90067
Telephone:    310 552 0130
Facsimile:    310 229 5800

*Proposed Attorneys for Debtor and Debtor in Possession*

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**LOS ANGELES DIVISION**

| | |
|---|---|
| In re: | Case No.  2:16-bk-24862-BB |
| NASTY GAL INC., a California corporation, | Chapter  11 |
| Debtor and Debtor in Possession. | **GLOBAL NOTES, RESERVATIONS OF RIGHTS, AND STATEMENT OF LIMITATIONS, METHODS AND DISCLAIMER REGARDING DEBTOR'S SCHEDULES AND STATEMENT OF FINANCIAL AFFAIRS** |

On November 9, 2016, Nasty Gal Inc. (the "Debtor") filed a petition in the United States Bankruptcy Court for the Central District of California (Los Angeles Division) seeking relief under chapter 11 of the United States Bankruptcy Code.  The Debtor's case has been assigned to the Honorable Sheri Bluebond.  The Debtor is contemporaneously filing these Global Notes (as defined below) as a supplement to and an integral part of its Schedules of Assets and Liabilities (the "Schedules") and Statement of Financial Affairs (the "SOFA") filed in the United States Bankruptcy Court for the District of California (the "Bankruptcy Court"). The Debtor prepared its Schedules and SOFA pursuant to Section 521 of Title 11 of the United States Code, as amended (the "Bankruptcy Code"), and Rule 1007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), with the assistance of its professionals. These Global Notes, Reservation of

61263361.2

1

Rights, and Statement of Limitations, Methods and Disclaimer Regarding the Debtor's Schedules and SOFA (the "Global Notes") are incorporated by reference into each of the Schedules and SOFA, and should be reviewed in connection with any review of the Schedules and SOFA.

**Reservation of Rights:**

      The Schedules and SOFA are unaudited. Management has made reasonable efforts to ensure that the Schedules and SOFA are accurate and complete based on information that was available to them at the time of the preparation, subsequent information or discovery may result in material changes to one or more of the Schedules and SOFA; indeed inadvertent errors, omissions or inaccuracies may exist. Moreover, because the Schedules and SOFA contain unaudited information, there can be no assurance that these Schedules and SOFA are wholly accurate and complete. The Debtor reserves the right to amend and/or supplement any and all of its Schedules and SOFA from time to time as it deems necessary or appropriate. In particular, note that the listing of a claim or a contract with the Debtor does not constitute an admission by the Debtor of the legal rights of the claimant, or a waiver of the Debtor's right to disclaim or dispute such claim or contract as attributable to the Debtor. The Debtor reserves the right to remove any contract or claim from the Schedules and SOFA whether by amending the Schedules and SOFA or in another appropriate filing. Additionally, the Debtor reserves the right to object to any listed claim on the grounds that, among other things, such claim has already been satisfied. The Debtor reserves the right to dispute or assert offsets or defenses to, any claim reflected on the Schedules as to amount, liability or classification and reserve the right to recharacterize, reclassify, recategorize, or redesignate any claim as "disputed," "contingent" and/or "unliquidated, whether by amending the Schedules and SOFA or in another appropriate filing.

      Listing a claim (i) on Schedule D as "secured," (ii) on Schedule E as "unsecured priority" or (iii) on Schedule F as "unsecured nonpriority," does not constitute a waiver of any of the Debtor's right to recharacterize, reclassify, recategorize, or redesignate such claim. Furthermore, listing a contract on Schedule G as "executory" or "unexpired," does not constitute an admission by the Debtor that such contract or agreement is an executory contract or unexpired lease nor a

waiver of the Debtor's right to recharacterize, reclassify or dispute the validity, status or enforceability of any contracts, agreements or leases set forth on Schedule G and to amend or supplement such Schedule, as necessary.

Despite its reasonable efforts to identify all known assets, the Debtor may not have listed all of its causes of action or potential causes of action against third-parties as assets in the Schedules and SOFA, including causes of actions arising under the provisions of Chapter 5 of the Bankruptcy Code and any other relevant nonbankruptcy laws to recover assets or avoid transfers. The Debtor reserves all of its rights with respect to any cause of action (including avoidance actions), controversy, right of setoff, cross claim, counterclaim, or recoupment, and any claim in connection with any contract, breach of duty imposed by law or in equity, demand, right, action, lien, indemnity, guaranty, suit, obligation, liability, damage, judgment, account, defense, power, privilege, license, and franchise of any kind or character whatsoever, known, unknown, fixed or contingent, matured or unmatured, suspected or unsuspected, liquidated or unliquidated, disputed or undisputed, secured or unsecured, assertable directly or derivatively, whether arising before, on, or after the Petition Date (as defined below), in contract or in tort, in law or in equity, or pursuant to any other theory of law (collectively, "Causes of Action") it may have, and neither the Global Notes nor the Schedules nor the SOFA shall be deemed a waiver of any Causes of Action or in any way prejudice or impair the assertion of any such Causes of Action.

Any specific reservation of rights contained elsewhere in the Global Notes does not limit in any respect the foregoing general reservation of rights.

**Description of Cases and the "As of" Information Date:**

On November 9, 2016 (the "Petition Date"), the Debtor filed a petition in the United States Bankruptcy Court for the Central District of California (Los Angeles Division) seeking relief under chapter 11 of the United States Bankruptcy Code. The Debtor's case has been assigned to the Honorable Sheri Bluebond. The Debtor continues to manage and operate its business as a debtor-in-possession pursuant to Sections 1107(a) and 1108 of the Bankruptcy Code. No trustee or examiner has been appointed in the Debtor's Chapter 11 case. Except as

3

61263361.2

otherwise noted herein, asset and liability information stated in the Schedules and SOFA is as of the close of business on the Petition Date.

**Basis of Presentation:**

The Schedules and SOFA reflect financial information for the Debtor only and do not purport to represent financial statements prepared in accordance with Generally Accepted Accounting Principles ("GAAP"), nor are they intended to fully reconcile with any financial statements otherwise prepared and/or distributed by the Debtor.

**Totals:**

All totals that are included in the Schedules and SOFA represent totals of all known amounts included in the Schedules and SOFA. To the extent there are unknown, disputed, contingent, unliquidated, or otherwise undetermined amounts, the actual total may be materially different than the listed total. The description of an amount as "unknown," "disputed," "contingent," "unliquidated," or "undetermined" is not intended to reflect upon the materiality of such amount. Due to numerous unliquidated, contingent, and/or disputed claims, summary statistics in the Schedules, SOFA and Global Notes may significantly understate the Debtor's liabilities.

**Exclusions:**

The Debtor has excluded certain categories of assets and liabilities from the Schedules and SOFA such as: goodwill and certain other intangible assets; accrued liabilities including, but not limited to, accrued salaries and employee benefits; tax accruals; accrued accounts payable; and assets with a net book value of zero. Other non-material assets and liabilities may have also been excluded.

**Currency:**

Unless otherwise indicated, all amounts are reflected in U.S. dollars.

4

61263361.2

**Fair Market Value; Book Value:**

It would be prohibitively expensive, unduly burdensome and an inefficient use of Debtor's resources for the Debtor to obtain current market valuations of all of its assets. Accordingly, unless otherwise indicated, the Schedules and SOFA reflect net book values for assets as of the Petition Date as reflected in the Debtor's books and records. Amounts ultimately realized may vary from net book value, and such variance may be material. The asset amounts listed do not include material write-downs that may be necessary. Operating cash is presented as bank balances as of the Petition Date. Certain other assets, such as investments in subsidiaries and other intangible assets, are listed as undetermined amounts as of the Petition Date because the book values may materially differ from fair market values.

**Accounts Receivable:**

For confidentiality reasons, the Debtor has not listed individual customer accounts receivable information. Operating accounts receivable information for the Debtor has been listed without reduction for reserves.

**Property and Equipment:**

Nothing in the Schedules or SOFA (including, without limitation the failure to list leased property or equipment as owned property or equipment) is, or shall be construed as, an admission as to the determination of legal status of any lease (including whether any lease is a true lease or financing arrangement), and the Debtor reserves all of its rights with respect to such issues.

**Estimates:**

To prepare and file the Schedules in accordance with the deadline established in the Debtor's Chapter 11 case, management was required to make certain estimates and assumptions that affected the reported amounts of these assets and liabilities as of the Petition Date. The Debtor reserves the right to amend the reported amounts of assets and liabilities to reflect changes in those estimates or assumptions.

**Fiscal Year:**

The Debtor's fiscal year ended on January 30, 2016.

**Claims of Third-Party Related Entities:**

Although the Debtor has made reasonable efforts to properly classify each claim listed in the Schedules as being either disputed or undisputed, liquidated or unliquidated and/or contingent or noncontingent, the Debtor has not been able to fully reconcile all payments made to certain third parties and their related entities on account of the Debtor's obligations to both such entity and its affiliates. Therefore, to the extent that the Debtor has classified claims of a creditor as disputed, unliquidated and/or contingent, all claims of such creditor's affiliates listed in the Schedules shall similarly be considered as disputed, unliquidated and/or contingent, whether or not they are designated as such.

**Effect of Payments Made Pursuant to "First Day" Orders on Scheduled Amount:**

The Bankruptcy Court has authorized the Debtor to pay certain pre-Petition Date claims including those of employees.  Thus, Schedule F generally does not include prepetition liabilities that have been paid after the Petition Date. Where the Schedules list creditors and set forth the Debtor's scheduled amount of such claims, such scheduled amounts reflect amounts owed as of the Petition Date, adjusted for any payments made after the Petition Date pursuant to the authority granted to the Debtor by the Bankruptcy Court. However, the estimate of claims set forth in the Schedules may not reflect assertions by the Debtor's creditors of a right to have such claims paid or reclassified under the Bankruptcy Code or orders of the Bankruptcy Court.

**Global Notes Control:**

All of the Debtor's Schedules and SOFA are subject to and qualified by the Global Notes. In the event that the Schedules and SOFA differ from the Global Notes, the Global Notes shall control.

61263361.2