1  GARY E. KLAUSNER (SBN 69077)
   TODD M. ARNOLD (SBN 221868)
2  LEVENE, NEALE, BENDER, YOO & BRILL LLP
3  10250 Constellation Boulevard, Suite 1700
   Los Angeles, California 90067
4  Telephone: (310) 229-1234
   Fax: (310) 229-1244
5  Email: gek@lnbyb.com, tma@lnbyb.com

6  Counsel for the Official Committee of Unsecured Creditors

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**LOS ANGELES DIVISION**

| | |
|---|---|
| In re:<br><br>NASTY GAL INC.,<br><br>Debtor and Debtor in Possession. | Case No. 2:16-bk-24862-BB<br><br>Chapter 11<br><br>**THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS' LIMITED OPPOSITION TO DEBTOR'S PROPOSED FOURTH INTERIM STIPULATION AUTHORIZING USE OF CASH COLLATERAL AND GRANTING ADEQUATE PROTECTION**<br><br>Hearing:<br>  Date:    January 5, 2017<br>  Time:   10:00 A.M.<br>  Place:   Courtroom 1539<br>               255 East Temple Street<br>               Los Angeles, CA 90012 |

1

The Official Committee of Unsecured Creditors (the "Committee") of the bankruptcy estate of Nasty Gal Inc., debtor and debtor in possession herein (the "Debtor"), respectfully submits the following limited opposition to the Debtor's proposed Fourth Interim Stipulation Authorizing Use of Cash Collateral and Granting Adequate Protection ("Fourth Stipulation"), which the Committee understands will be filed with the Court and contains ¶ 10 referenced below.

**I.**

**LIMITED OPPOSITION**

The Committee objects to paragraph 10 (second) of the Fourth Stipulation, which provides as follows:

> 10.    Adequate Protection Payments and payment to Hercules upon closing of Sale.  As additional adequate protection, (x) after February 8, 2017, and subject to a supplemental agreement on use of cash collateral and provided sufficient excess cash is on hand, the Debtor shall use its best efforts to make adequate protection payment(s) by wire transfer, with any such payments to be applied to principal, and (y) the Debtor is authorized and directed to arrange for payment by wire directly to the Prepetition Lender, or its designee, of the full remaining stipulated amount owing to the Prepetition Lender, plus accrued fees, costs, charges and required reserves owing as of the closing pursuant to a payoff letter to be provided to and verified by the Debtor.  Nothing contained herein shall impact the rights of the Committee or any other party in interest to an appropriate remedy should a timely and successful challenge be brought under paragraph 9 (first) above.

Fourth Stipulation, ¶ 10 (second).

**First,** there is no basis for requiring the Debtor to make additional adequate protection payments to the Prepetition Lender. As set forth in the Fourth Stipulation, the Debtor already made $1.5 million in adequate protection payments to the Prepetition Lender, which reduced its claim to approximately $13.788 million. Fourth Stipulation, ¶¶ 4 (first) and 9 (first). As set forth in the Debtor's Second Amendment to Motion for Order Authorizing and Approving (A) Use of Cash Collateral and (B) Grant of Adequate Protection …. (the "Second CC Motion") [Dkt. 215], (1) the Debtor has a Stalking Horse APA to sell just the Debtor's intellectual

Case 2:16-bk-24862-BB  Doc 224  Filed 01/04/17  Entered 01/04/17 16:30:42  Desc
Main Document    Page 3 of 6

property assets for $20 million, (2) during the period covered by the Fourth Stipulation, the Debtor's cash will increase by approximately $552,000, and (3) after the closing of the proposed sale of the Debtor's intellectual property assets, the Debtor would still have approximately $8 million in inventory, plus the value of the Debtor's cash (net of the sale proceeds), plus the value of the Debtor's other assets such as accounts receivable, furniture fixtures and equipment, deposits, etc. Second CC Motion, ¶¶ 5, 10, 11.

Based on the value of the Debtor's intellectual property *alone*, the Prepetition Lender is protected by a 45% equity cushion ($20 million - $13.788 million = $6.212 million in equity / $13.788 million = 45.05%), and the equity cushion is even greater when the value of the Debtor's other assets are taken into consideration. The foregoing 45% equity cushion constitutes adequate protection as a matter of law. *See In re Mellor*, 734 F.2d 1396, 1401 (9th Cir. 1984) (court considered adequate protection under Section 361 in connection with reviewing a relief from stay motion under Section 362 and held that a 20% equity cushion constituted adequate protection).

Given the foregoing and that, pursuant to the Second CC Motion the Debtor was initially not proposing to make any additional adequate protection payments to the Prepetition Lender (Second CC Motion, ¶ 9.c), there is no basis for agreeing to make or making additional adequate protection payments to the Prepetition Lender.

**Second,** ¶ 10(x) is unclear as to the amount of any adequate protection payments the Debtor would need to make to the Prepetition Lender or when such payments would have to be made, other than payment would come after February 8, 2017.

**Third,** ¶ 10(y) *requires* the Debtor to pay the balance owed to the Prepetition Lender "as of the closing." There is no indication of the closing to which ¶ 10(y) is purportedly referring, nor is there any requirement that the closing provide sufficient proceeds to pay the balance owed to the Prepetition Lender. While payment of such balance or, more appropriately, the reservation of sale proceeds in an amount sufficient to pay such balance, may be required to obtain approval of a sale of assets free and clear of liens under Section 363(f)(3), there is no basis for the Debtor to commit to immediate payment of the balance owing to the Prepetition

Lender upon the close of any sale transaction. *See* 11 U.S.C. § 363(f) (in the absence of the consent of a secured creditor or other exceptions, Section 363(f) provides that a debtor can sell property of the estate free and clear of interests in such assets where "such interest is a lien and the price at which such property is to be sold is greater than the aggregate value of all liens on such property;" there is no requirement of immediate payment).  Indeed, in the event the Committee asserts a challenge to the Prepetition Lender's alleged secured claim, it would be more appropriate to hold sale proceeds sufficient to pay the Prepetition Lender's claim in full and to have the Prepetition Lender's alleged liens attach to the proceeds pending the resolution of any challenge    rather than to require the Debtor and/or the Committee to have to seek turnover of the funds in the event of a successful challenge.

## II.

## CONCLUSION

For all of the foregoing reasons, the Committee respectfully urges the Court to reject ¶ 10 of the proposed Fourth Stipulation.

Dated: January 4, 2017

OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF THE BANKRUPTCY ESTATE OF NASTY GAL INC.

*/s/ Gary E. Klausner*
GARY E. KLAUSNER
TODD M. ARNOLD
LEVENE, NEALE, BENDER, YOO
   & BRILL L.L.P.
Counsel for the Official Committee of Unsecured Creditors

4

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is: 10250 Constellation Boulevard, Suite 1700, Los Angeles, CA 90067

A true and correct copy of the foregoing document entitled **THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS' LIMITED OPPOSITION TO DEBTOR'S PROPOSED FOURTH INTERIM STIPULATION AUTHORIZING USE OF CASH COLLATERAL AND GRANTING ADEQUATE PROTECTION** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1**. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On **January 4, 2017**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- Todd M Arnold    tma@lnbyb.com
- Lorie A Ball    LBall@robinskaplan.com
- Peter Bonfante    pbonfante@celsinc.com
- Diana K Carey    dcarey@karrtuttle.com, mhernandez@karrtuttle.com;mmunhall@karrtuttle.com
- Jeffrey W Dulberg    jdulberg@pszjlaw.com
- Joseph A Eisenberg    jae@jmbm.com, vr@jmbm.com;tgeher@jmbm.com;bt@jmbm.com;jae@ecf.inforuptcy.com
- Scott Ewing    contact@omnimgt.com, sewing@omnimgt.com;katie@omnimgt.com
- Ryan S Fife    ryan.fife@dbr.com, betty.borror@dbr.com;docket_la@dbr.com
- Scott F Gautier    sgautier@robinskaplan.com
- Thomas M Geher    tmg@jmbm.com, bt@jmbm.com;fc3@jmbm.com;tmg@ecf.inforuptcy.com
- Eliza Ghanooni    eliza@ghanoonilaw.com, jennifer@ghanoonilaw.com
- Michael I Gottfried    mgottfried@lgbfirm.com, kalandy@lgbfirm.com;cboyias@lgbfirm.com;srichmond@lgbfirm.com;sdeiches@lgbfirm.com;mmocciaro@lgbfirm.com
- Michael S Greger    mgreger@allenmatkins.com
- Steven T Gubner    sgubner@brutzkusgubner.com, ecf@brutzkusgubner.com
- Brian L Holman    b.holman@mpglaw.com
- Kevin H Jang    khjlawcorp@gmail.com, info.Khjlawcorp@gmail.com
- Gary E Klausner    gek@lnbyb.com
- Kenneth T Law    ken@bbslaw.com
- Malcolm Leader-Picone    mlp@leader-picone.com
- Ron Maroko    ron.maroko@usdoj.gov
- Kevin Meek    kmeek@robinskaplan.com, kevinmeek32@gmail.com;kmeek@ecf.inforuptcy.com
- Jeffrey N Pomerantz    jpomerantz@pszjlaw.com
- J. Alexandra Rhim    arhim@hemar-rousso.com
- Victor A Sahn    vsahn@sulmeyerlaw.com, agonzalez@sulmeyerlaw.com,agonzalez@ecf.inforuptcy.com;asokolowski@sulmeyerlaw.com;vsahn@ecf.inforuptcy.com
- Benjamin Seigel    bseigel@greenbass.com, rholland@greenbass.com;ecfnotification@greenbass.com
- David Samuel Shevitz    david@shevitzlawfirm.com, shevitzlawfirm@ecf.courtdrive.com
- Howard Steinberg    steinbergh@gtlaw.com, pearsallt@gtlaw.com;laik@gtlaw.com
- Ovsanna Takvoryan    ot@tlgapc.com
- United States Trustee (LA)    ustpregion16.la.ecf@usdoj.gov
- Hatty K Yip    hatty.yip@usdoj.gov

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012    **F 9013-3.1.PROOF.SERVICE**

**2. SERVED BY UNITED STATES MAIL**: On **January 4, 2017**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be completed</u> no later than 24 hours after the document is filed.

Stuart Komrower/Ryan T. Jareck
COLE SCHOTZ P.C.
25 Main Street
Hackensack, NJ 07601

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on **January 4, 2017**, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge <u>will be completed</u> no later than 24 hours after the document is filed.

Served by Personal Delivery
The Honorable Sheri Bluebond
United States Bankruptcy Court
255 East Temple Street, Courtroom 1539
Los Angeles, CA 90012

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| January 4, 2017 | Lourdes Cruz | /s/ Lourdes Cruz |
|---|---|---|
| *Date* | *Type Name* | *Signature* |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                    **F 9013-3.1.PROOF.SERVICE**