| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address | FOR COURT USE ONLY |
|---|---|
| Scott F. Gautier (State Bar No. 211742) SGautier@RobinsKaplan.com Kevin D. Meek (State Bar No. 280562) KMeek@RobinsKaplan.com ROBINS KAPLAN LLP 2049 Century Park East, Suite 3400 Los Angeles, CA  90067 Telephone: 310 552 0130 Facsimile: 310 229 5800 | |
| ☐  *Movant(s) appearing without an attorney* ☒  *Attorney for Movant(s)* | |

## UNITED STATES BANKRUPTCY COURT
## CENTRAL DISTRICT OF CALIFORNIA - LOS ANGELES DIVISION

| In re:<br><br><br>NG DIP, Inc., (f/k/a Nasty Gal Inc.) a California corporation,<br><br><br><br><br>Debtor(s). | CASE NO.: 2:16-bk-24862-BB<br>CHAPTER: 11 |
|---|---|
| | **DECLARATION THAT NO PARTY REQUESTED A HEARING ON MOTION LBR 9013-1(o)(3)** |
| | [No Hearing Required] |

1.  I am the ☐ Movant(s) or ☒ attorney for Movant(s) or ☐ employed by attorney for Movant(s).

2.  On (*date*): 12/18/2017    Movant(s) filed a motion or application (Motion) entitled: Trustee's Motion for Authority to Compromise with the Center for Environmental Health

3.  A copy of the Motion and notice of motion is attached to this declaration.

4.  On (*date*): 12/18/2017    Movant(s), served a copy of ☐ the notice of motion or ☒ the Motion and notice of motion on required parties using the method(s) identified on the Proof of Service of the notice of motion.

5.  Pursuant to LBR 9013-1(o), the notice of motion provides that the deadline to file and serve a written response and request for a hearing is 14 days after the date of service of the notice of motion, plus 3 additional days if served by mail, or pursuant to F.R.Civ.P. 5(b)(2)(D) or (F).

6.  More than 17   days have passed after Movant(s) served the notice of motion.

7.  I checked the docket for this bankruptcy case and/or adversary proceeding, and no response and request for hearing was timely filed.

8.  No response and request for hearing was timely served on Movant(s) via Notice of Electronic Filing, or at the street address, email address, or facsimile number specified in the notice of motion.

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

9.    Based on the foregoing, and pursuant to LBR 9013-1(o), a hearing is not required.

Movant(s) requests that the court grant the motion and enter an order without a hearing.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Date: 01/19/2018

/s/ Kevin D. Meek

Signature

Kevin D. Meek

Printed name

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

December 2016                                  Page 2                      F 9013-1.2.NO.REQUEST.HEARING.DEC

# EXHIBIT A

ROBINS KAPLAN LLP
ATTORNEYS AT LAW
LOS ANGELES

1  Scott F. Gautier (State Bar No. 211742)
   *SGautier@RobinsKaplan.com*
2  Kevin D. Meek (State Bar No. 280562)
   *KMeek@RobinsKaplan.com*
3  ROBINS KAPLAN LLP
   2049 Century Park East, Suite 3400
4  Los Angeles, CA  90067
   Telephone:    310 552 0130
5  Facsimile:    310 229 5800

6  *Attorneys for Province, Inc., as trustee of the NG DIP*
   *Liquidating Trust*
7

8              **UNITED STATES BANKRUPTCY COURT**

9              **CENTRAL DISTRICT OF CALIFORNIA**

10                **LOS ANGELES DIVISION**

11

12  In re:                              Case No.  2:16-bk-24862-BB

13  NG DIP INC. (f/k/a Nasty Gal Inc.), a    Chapter  11
    California corporation,
14                                       **TRUSTEE'S NOTICE OF MOTION AND**
         Debtor and Debtor in Possession.   **MOTION FOR AUTHORITY TO**
15                                       **COMPROMISE WITH THE CENTER FOR**
                                         **ENVIRONMENTAL HEALTH;**
16                                       **DECLARATION OF AMANDA DEMBY IN**
                                         **SUPPORT THEREOF**
17
                                         [No hearing required – Local Bankruptcy Rule
18                                       9013-1(o)]

19

20

21

22

23

24

25

26

27

28

61395484.1

ROBINS KAPLAN LLP
ATTORNEYS AT LAW
LOS ANGELES

**TO THE HONORABLE SHERI BLUEBOND, UNITED STATES BANKRUPTCY JUDGE, AND OTHER INTERESTED PARTIES:**

**PLEASE TAKE NOTICE** that, pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure, and Local Rule 9013-1, Province, Inc., as trustee (the "Trustee") of the NG DIP Liquidating Trust (the "Liquidating Trust"), hereby moves the Court (the "Motion") for an order approving a compromise with the Center for Environmental Health, a California non-profit corporation ("CEH").

Prior to the filing of the above-captioned debtor's (the "Debtor") chapter 11 case, CEH filed a lawsuit against several fashion companies, including the Debtor (the "CEH Lawsuit"). The CEH Lawsuit alleges that the Debtor violated California Health and Safety Code §§ 25249.5, et seq. ("Proposition 65") by not providing required warnings to customers with respect to certain of its products. The Debtor has consistently denied all of the allegations asserted by CEH in the CEH Lawsuit.

As a result of the Debtor's bankruptcy filing, the CEH Lawsuit is stayed pursuant to section 362 of the Bankruptcy Code. On March 15, 2017, CEH filed a proof of claim against the Debtor's bankruptcy estate (the "Estate"), by which CEH asserts an unsecured claim in the amount of $6,660,000, based on the purported violations by the Debtor of Proposition 65 alleged in the CEH Lawsuit (the "CEH Claim"). On September 6, 2017, the Liquidating Trust filed an objection to the CEH Claim, asserting that the CEH Claim should be disallowed in its entirety, or subordinated to the claims of general unsecured creditors (the "Objection") (Docket No. 831). The Objection is currently pending in the Bankruptcy Court.

To avoid, among other things, the costs, risk and uncertainties of continued litigation regarding the CEH Lawsuit and CEH Claim, the parties have agreed to the settlement which is memorialized in the Settlement Agreement attached as Exhibit "1" to the Declaration of Amanda Demby in the Motion (the "Settlement Agreement"). The Settlement Agreement resolves the dispute between the parties and results in payment by the Liquidating Trust to CEH in the amount of $35,000, which sum represents a minimal portion of the CEH Claim.

The Trustee believes that the Settlement Agreement is fair and equitable and in the best

1    interests of the Estate, and therefore requests that the Court approve the proposed settlement, and

2    the sufficiency of notice contained herein.

3         **PLEASE TAKE FURTHER NOTICE** that the Motion is based upon this Notice of

4    Motion and Motion, the annexed memorandum of points and authorities, the Declaration of

5    Amanda Demby (the "Demby Declaration"), the records and files in this chapter 11 case, and

6    such additional evidence and argument as may be presented at or before the hearing on the

7    Motion.

8         **PLEASE TAKE FURTHER NOTICE** that pursuant to Local Bankruptcy Rule 9013-

9    1(o), any party objecting to the Motion may request a hearing on the Motion.  The deadline for

10   filing and serving a written opposition and request for a hearing is 14 days after the date of

11   service of this notice, plus an additional 3 days if you were served by mail, electronically, or

12   pursuant to F. R. Civ. P. (5)(b)(2)(D), (E), or (F).  If you fail to comply with this deadline, the

13   Court may treat such failure as a waiver of your right to oppose the Motion and may grant the

14   Motion without further hearing and notice.  If you do not have any objection to this Motion, you

15   need not take further action.

16

17

18   DATED:  December 18, 2017              **ROBINS KAPLAN LLP**

19
                                          By:   /s/ Kevin D. Meek
20                                              Scott F. Gautier
                                                Kevin D. Meek
21
     Date of Service:  December 18, 2017   Attorneys For Province, Inc., as Trustee of the NG
22                                         DIP Liquidating Trust

23

24

25

26

27

28

ROBINS KAPLAN LLP
ATTORNEYS AT LAW
LOS ANGELES

1   Scott F. Gautier (State Bar No. 211742)
    *SGautier@RobinsKaplan.com*
2   Kevin D. Meek (State Bar No. 280562)
    *KMeek@RobinsKaplan.com*
3   ROBINS KAPLAN LLP
    2049 Century Park East, Suite 3400
4   Los Angeles, CA  90067
    Telephone:    310 552 0130
5   Facsimile:    310 229 5800

6   *Attorneys for Province, Inc., as trustee of the NG DIP*
    *Liquidating Trust*

7

8                  **UNITED STATES BANKRUPTCY COURT**

9                  **CENTRAL DISTRICT OF CALIFORNIA**

10                      **LOS ANGELES DIVISION**

11

| 12  In re: | Case No.  2:16-bk-24862-BB |
|---|---|
| 13  NG DIP INC. (f/k/a Nasty Gal Inc.), a California corporation, | Chapter  11 |
| 14 | **TRUSTEE'S NOTICE OF MOTION AND** |
| 15  Debtor and Debtor in Possession. | **MOTION FOR AUTHORITY TO COMPROMISE WITH THE CENTER FOR ENVIRONMENTAL HEALTH;** |
| 16 | **DECLARATION OF AMANDA DEMBY IN SUPPORT THEREOF** |
| 17 | |
| 18 | [No hearing required – Local Bankruptcy Rule 9013-1(o)] |

19

20

21

22

23

24

25

26

27

28

ROBINS KAPLAN LLP
ATTORNEYS AT LAW
LOS ANGELES

# I.

## INTRODUCTION

Prior to the above-captioned debtor's (the "Debtor") chapter 11 case, the Debtor was sued by the Center for Environmental Health ("CEH") in Los Angeles Superior Court (the "CEH Lawsuit"). The CEH Lawsuit alleges that the Debtor violated California Health and Safety Code §§ 25249.5, et seq. ("Proposition 65") by not providing required warnings to customers with respect to certain of its products. The Debtor has consistently denied all of the allegations asserted by CEH in the CEH Lawsuit, and asserts that, at all relevant times, it complied with Proposition 65.

On November 9, 2016, the Debtor filed for bankruptcy, which resulted in a stay of the CEH Lawsuit pursuant to section 362 of the Bankruptcy Code. On March 15, 2017, CEH filed a proof of claim against the Debtor's bankruptcy estate (the "Estate"), by which CEH asserts an unsecured claim in the amount of $6,660,000, based on the purported violations by the Debtor of Proposition 65 alleged in the CEH Lawsuit (the "CEH Claim"). On September 6, 2017, the Liquidating Trust filed an objection to the CEH Claim, asserting that the CEH Claim should be disallowed in its entirety, or subordinated to the claims of general unsecured creditors (the "Objection") (Docket No. 831). The Objection is currently pending in the Bankruptcy Court.

To avoid, among other things, the costs, risk and uncertainties of continued litigation regarding the CEH Lawsuit and CEH Claim, the parties have agreed to a settlement whereby the Liquidating Trust will pay CEH the amount of $35,000, which sum represents a minimal portion of the CEH Claim (the "Settlement Agreement").

For the reasons set forth herein, Province, Inc., as trustee (the "Trustee") of the NG DIP Liquidating Trust (the "Liquidating Trust"), believes that the proposed compromise is in the best interest of the bankruptcy estate and its creditors, and the Court should grant the Motion.

ROBINS KAPLAN LLP
ATTORNEYS AT LAW
LOS ANGELES

## II.

## JURISDICTION AND VENUE

The Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334. This matter relates to the administration of the Debtor's bankruptcy estate (the "Estate") and is accordingly a core proceeding pursuant to 28 U.S.C. § 157(b). Venue for this matter is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory predicates for the relief sought herein are section 363 of the Bankruptcy Code and Rule 9019(a) of the Federal Rules of Bankruptcy Procedure.

## III.

## STATEMENT OF FACTS

**Background:**

1. On October 9, 2015, CEH filed a lawsuit against several fashion companies, including NG DIP, Inc. (f/k/a Nasty Gal, Inc.) (the "Debtor"), in the Superior Court for the County of Alameda (the "Superior Court"), entitled *Center for Environmental Health v. Free People of PA, LLC*, Case No. RG15789111 (the "CEH Lawsuit").

2. The CEH Lawsuit alleges that the Debtor violated California Health and Safety Code §§ 25249.5, et seq. ("Proposition 65") by not providing required warnings to customers with respect to certain of its products.

3. On May 27, 2016, the Debtor filed an Answer denying all of the allegations asserted by CEH in the CEH Lawsuit.

**The CEH Claim:**

4. On or about November 9, 2016 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"), commencing the above-captioned chapter 11 case.

5. As a result of the Debtor's filing for bankruptcy, the CEH Lawsuit is currently stayed pursuant to section 362 of the Bankruptcy Code.

6.      On March 15, 2017, CEH filed a proof of claim against the Debtor's bankruptcy estate (the "Estate"), by which CEH asserts an unsecured claim in the amount of $6,660,000, based on the purported violations by the Debtor of Proposition 65 alleged in the CEH Lawsuit.

7.      On September 6, 2017, the Liquidating Trust filed an objection to the CEH Claim, asserting that the CEH Claim should be disallowed in its entirety because: (i) CEH was not authorized to file the CEH Claim on behalf of the State of California, and (ii) the CEH Claim is unenforceable against the Debtor under applicable State law (the "Objection") (Docket No. 831).

8.      On October 4, 2017, CEH filed its response to the Objection, asserting that the CEH Claim should be allowed in its entirety (Docket No. 890).

**Plan Confirmation and Implementation:**

9.      On May 23, 2017, the Debtor and the Official Committee of Unsecured Creditors (the "Committee") filed its Joint Liquidating Plan of Reorganization of Debtor and Official Committee of Unsecured Creditors Dated May 23, 2017 (the "Plan").[1]

10.     On August 1, 2017, the Bankruptcy Court entered its *Order Confirming Joint Liquidating Plan of Reorganization of Debtor and Official Committee of Unsecured Creditors Dated May 23, 2017* (the "Confirmation Order") [Docket No. 780], confirming the Plan.

11.     Upon the occurrence of the effective date of the Plan (the "Effective Date"), the Plan provides for the transfer of the Debtor's assets to the Liquidating Trust, and the appointment of the Trustee as the liquidating trustee of the Liquidating Trust.  The Plan further provides that, upon the Effective Date, the Liquidating Trust shall have standing to file objections to claims filed against the Debtor's estate, and reach compromises with respect to any objections.

12.     The Effective Date of the Plan occurred on August 18, 2017, at 5:00 p.m. Pacific Standard Time.  On August 22, 2017, the Debtor filed its *Notice of: (1) Confirmation of Joint Liquidating Plan of Reorganization of Debtor and Official Committee of Unsecured Creditors*

---

[1] The Liquidating Trust expects creditors holding allowed general unsecured claims to recover approximately 10% to 15% of the amount of their claims.  Accordingly, if allowed to stand, the amount payable to CEH on account of the CEH Claim is between $666,000 and $999,000.

ROBINS KAPLAN LLP
ATTORNEYS AT LAW
LOS ANGELES

*Dated May 23, 2017 and Occurrence of Effective Date Thereof; and (2) Deadlines for Filing*

*Certain Claims* (the "Notice of Effective Date") to all parties in interest.

**The Proposed Settlement:**

13.    In light of the disputes between the Liquidating Trust and CEH regarding the CEH

Lawsuit and CEH Claim, as well as the potential for incurring additional administrative costs, the

Liquidating Trust and CEH have reached a compromise, subject to Court approval, that resolves

any remaining dispute and avoids the need for any further litigation.  A true and correct copy of

the Settlement Agreement is attached as Exhibit "1" to the Declaration of Amanda Demby and

incorporated herein by this reference.

14.    Without limiting the terms of the Settlement Agreement, the Settlement

Agreement provides:

a.    In full settlement of the CEH Claim, the CEH Lawsuit, and any other claims set

forth or that could be set forth in the future by CEH against the Debtor's

bankruptcy estate, the Liquidating Trust shall pay, or cause to be paid, to CEH the

sum of $35,000.00 (the "Settlement Payment").

b.    Within seven days after receipt of the Settlement Payment, CEH shall file, or

provide to the Liquidating Trust's counsel, a withdrawal the CEH Claim on the

Claims Register of the Bankruptcy Case.

c.    The parties exchange mutual releases.

**IV.**

**LEGAL ARGUMENT**

**A.    The Court Should Approve the Settlement Agreement Pursuant to FRBP 9019**

**Because The Agreement Is In The Best Interests Of The Estate.**

Bankruptcy courts may, after the filing of a motion and with notice and the opportunity to

request a hearing provided to the estate creditors, approve a compromise or settlement.  FRBP

9019(a).  The Ninth Circuit has long recognized that "[t]he bankruptcy court has great latitude in

approving compromise agreements."  *Woodson v. Fireman's Fund Ins. Co. (In re Woodson)*, 839

F.2d 610, 620 (9th Cir. 1988).  The purpose underlying a settlement agreement is to avoid the

ROBINS KAPLAN LLP
ATTORNEYS AT LAW
LOS ANGELES

Case 2:16-bk-24862-BB    Doc 1088    Filed 01/19/18    Entered 01/19/18 16:05:16    Desc
Main Document    Page 9 of 20

1    expenses and burdens that are associated with litigating deeply contested and questionable

2    claims. *Martin v. Kane (In re A & C Properties)*, 784 F.2d 1377, 1380-81 (9th Cir. 1986).

3    Accordingly, in approving a settlement agreement, the court need not conduct an exhaustive

4    investigation of the claims sought to be compromised. *See United States v. Alaska Nat'l Bank (In*

5    *re Walsh Constr., Inc.*), 669 F.2d 1325, 1328 (9th Cir. 1982).  Rather, it is sufficient that the

6    court find that the settlement is "fair and equitable," negotiated in good faith and reasonably

7    believed to be the best compromise negotiable under the circumstances. *See In re A & C*

8    *Properties*, 784 F.2d at 1381.

9         In determining whether to approve a compromise pursuant to FRBP 9019, the Ninth

10    Circuit Court of Appeals has identified four factors that indicate whether the settlement is fair and

11    equitable:  (1) the probability of success in the litigation; (2) the difficulties, if any, to be

12    encountered in the matters of collection; (3) the complexity of the litigation involved, and the

13    expense, inconvenience, and delay necessarily attending it; and (4) the paramount interest of the

14    creditors and a proper deference to their reasonable views. *See In re A & C Properties*, 784 F.2d

15    at 1381.  Consideration of these factors does not require the court to determine whether a

16    settlement presented is the best one that could possibly have been achieved.  Rather, the court need

17    only canvas the issues to determine whether the settlement falls "below the lowest point in the

18    zone of reasonableness." *Newman v. Stein*, 464 F.2d 689, 693 (2d Cir. 1972); *In re Pacific Gas &*

19    *Electric Co.*, 304 B.R. 395, 417 (Bankr. N.D. Cal. 2004).

20         Here, the Settlement Agreement should be approved because it is in the best interests of

21    creditors, as it consensually resolves the Estate's dispute with CEH and will result in payment of

22    only $35,000 to CEH on account of its multi-million dollar proof of claim without requiring

23    Liquidating Trust to expend further energy and resources litigating CEH's claims.

24    **B.    The Settlement Agreement Was Negotiated In Good Faith And Is Reasonably**

25    **Believed To Be The Best Compromise Under The Facts**

26         The Settlement Agreement was the result of good faith and arm's-length negotiations

27    between the Liquidating Trust, on the one hand, and CEH, on the other hand, undertaken in an

28    effort to resolve efficiently and effectively the dispute between the parties without further

ROBINS KAPLAN LLP
ATTORNEYS AT LAW
LOS ANGELES

1  litigation and without any additional cost to or payments from the Estate.  The Settlement

2  Agreement is the best compromise negotiable under the circumstances and in the best interest of

3  the estates because, pursuant to the Settlement Agreement, the Estate will receive a release in

4  respect of all claims asserted by CEH, while paying only a small portion of the CEH Claim.

5  Given that the proof of claim filed by CEH asserts a claim in the amount of $6,660,000 against

6  the Estate, the Settlement Agreement greatly reduces the Estate's potential liability to CEH and

7  represents an optimal outcome for the Estate.  Furthermore, the Settlement Agreement will enable

8  the Liquidating Trust to focus its time and resources on administering the Estate for the benefit of

9  the Debtor's creditors.

10  **C.**    **The Agreement Is Fair And Equitable**

11          The factors promulgated by the Ninth Circuit in *In re A & C Properties* to establish that a

12  compromise is fair and equitable all favor approval of the Settlement Agreement.  The facts in

13  the Debtor's bankruptcy case demonstrate that, after considering: (a) the probability of success in

14  the litigation, (b) the difficulties in collecting on a judgment, (c) the complexity of the litigation

15  involved, and the expense, inconvenience and delay necessarily attendant to litigation, and (d) the

16  paramount interest of the estates' creditors, the terms of the Settlement Agreement are fair and

17  equitable, and approval of the Settlement Agreement is in the best interest of the estates.

18          (i)    The Probability Of Success Is Uncertain.

19          The CEH Claim is based on alleged violations by the Debtor of Proposition 65.  As the

20  CEH Claim is largely based on disputed facts and expert opinion, litigation of this dispute will

21  likely require the filing of an adversary proceeding, which adversary proceeding would require

22  significant discovery, expert witness testimony, the filing of several substantive motions, and

23  attendance at several Court proceedings.

24          While the Liquidating Trust believes that it has a strong prospect success in prevailing

25  against CEH, should litigation be required, there is a risk of loss and there would be litigation

26  expense and its attendant delay.  Moreover, the Liquidating Trust believes that the costs

27  required in successfully objecting to the CEH Claim would be significant and will exceed the

28  amount of the Settlement Payment, further supporting approval of the Settlement Agreement.

ROBINS KAPLAN LLP
ATTORNEYS AT LAW
LOS ANGELES

(ii)  **Difficulties In Collection.**

Collection is not an issue in this matter, as the Estate has not alleged any claims that attempt to collect funds from CEH.

(iii)  **Further Litigation Is Likely To Be Complex, Expensive, Inconvenient And Delay The Efficient Administration Of Debtor's Bankruptcy Case.**

Absent approval of the Settlement Agreement, the disputes between the parties likely would result in the need to litigate, including the commencement of an adversary proceeding. The disputes between the parties involve complex issues of statutory interpretation regarding California Health and Safety Code §§ 25249.5, et seq., and its interplay with the Bankruptcy Code. Litigating the dispute will also require significant factual discovery, including document production, depositions of multiple parties and expert witness testimony.

Because of the complexity of the issues and their fact-intensive nature, complete litigation and resolution of the claims and disputes between the Liquidating Trust and CEH likely would take several months to complete, resulting in significant expense to the estates and possible delay in the Liquidating Trust's administration of its Estate.

(iv)  **The Settlement Agreement Is In The Best Interest Of Creditors.**

The paramount interest of creditors strongly weighs in favor of approving the Settlement Agreement. Pursuant to the Settlement Agreement, CEH is releasing all claims against the Estate in exchange for a minimal recovery on its claim. As stated above, the cost to the Estate of continued litigation of the CEH Claim may exceed the amount of the Settlement Payment, further demonstrating that the Settlement Agreement is in the best interests of creditors. If successful in litigation against CEH, the Liquidating Trust would likely not be able to recoup its attorney's fees incurred.

Based upon the foregoing, the Liquidating Trust believes that the settlement set forth in the Settlement Agreement is fair and reasonable and in the best interests of the Estate.

## V.

## CONCLUSION

WHEREFORE, the Liquidating Trust respectfully requests that the Court enter an order:

ROBINS KAPLAN LLP
ATTORNEYS AT LAW
LOS ANGELES

1.  granting the Motion;

2.  approving and authorizing the Liquidating Trust to enter into the Settlement Agreement;

3.  authorizing the Liquidating Trust to execute all documents and to take any action reasonably necessary to effectuate the Settlement Agreement;

4.  approving the sufficiency of the notice of the Motion; and

5.  granting such other and further relief as this Court may deem just and proper.

Dated:  December 18, 2017                    ROBINS KAPLAN LLP


                                             By:    /s/ Kevin D. Meek_____
                                                    Scott F. Gautier
                                                    Kevin D. Meek

                                             Attorneys For Province, Inc., as trustee of the NG
                                             DIP Liquidating Trust

61395484.1                                  - 12 -

ROBINS KAPLAN LLP
ATTORNEYS AT LAW
LOS ANGELES

# DECLARATION OF AMANDA DEMBY

I, Amanda Demby, declare as follows:

1.      I am a Managing Director with the firm, Province, Inc., the trustee (the "Trustee") of the NG DIP Liquidating Trust (the "Liquidating Trust"), and I am authorized to submit and I make this declaration ("Declaration") on behalf of the Liquidating Trust in connection with the Liquidating Trust's *Motion for Authority to Compromise with the Center for Environmental Health* (the "Motion").  Unless otherwise noted, capitalized terms referenced in this Declaration have the same meaning as those set forth in the Motion.

2.      Except as otherwise noted herein, I have personal knowledge of the facts presented in this Declaration.  If called as a witness to do so, I could competently testify thereto.

3.      Attached hereto, marked as Exhibit "1," and incorporated herein by this reference is a true and correct copy of the settlement agreement as executed by all parties thereto, subject to the approval of this Court (the "Settlement Agreement"), which is the subject of the Motion.

4.      Without limiting the terms of the Settlement Agreement, the Settlement Agreement provides that:

      a.  In full settlement of the CEH Claim, the CEH Lawsuit, and any other claims set forth or that could be set forth in the future by CEH against the Debtor's bankruptcy estate, the Liquidating Trust shall pay, or cause to be paid, to CEH the sum of $35,000.00 (the "Settlement Payment").

      b.  Within seven days after receipt of the Settlement Payment, CEH shall file, or provide to the Liquidating Trust's counsel, a withdrawal the CEH Claim on the Claims Register of the Bankruptcy Case.

      c.  The parties exchange mutual releases.

5.      I am familiar with the settlement reflected in the Settlement Agreement.  I believe that the Settlement Agreement is fair and reasonable and in the best interests of the Estate for the reasons set forth in the Motion.

61395484.1

Case 2:16-bk-24862-BB    Doc 1088    Filed 01/19/18    Entered 01/19/18 17:36:46    Desc
Main Document    Page 17 of 30

I declare under penalty of perjury that the foregoing is true and correct.  Executed this

15th day of December, 2017 at Los Angeles, California.

_____

Amanda Demby

61395484.1

1

**Exhibit 1**

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ROBINS KAPLAN LLP
ATTORNEYS AT LAW
LOS ANGELES

61395484.1

# SETTLEMENT AGREEMENT

This Settlement Agreement (this "Settlement Agreement") is entered into by and between Province, Inc., as trustee (the "Trustee") of the NG DIP Liquidating Trust (the "Liquidating Trust"), and the Center for Environmental Health, a California non-profit corporation ("CEH").  The Trustee and CEH may hereinafter be referred to individually as a "Party" and collectively as the "Parties."

# RECITALS

A.  On October 9, 2015, CEH filed a lawsuit against several fashion companies, including NG DIP, Inc. (f/k/a Nasty Gal, Inc.) (the "Debtor"), in the Superior Court for the County of Alameda (the "Superior Court"), entitled *Center for Environmental Health v. Free People of PA, LLC*, Case No. RG15789111 (the "CEH Lawsuit").

B.  The CEH Lawsuit alleges that the Debtor violated California Health and Safety Code §§ 25249.5, et seq. ("Proposition 65") by not providing required warnings to customers with respect to certain of its products.

C.  On May 27, 2016, the Debtor filed an Answer denying all of the allegations asserted by CEH in the CEH Lawsuit.

D.  On or about November 9, 2016 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code").  The Debtor's bankruptcy case is titled *In re NG DIP Inc. (f/k/a Nasty Gal, Inc.)*, and is currently pending in the United States Bankruptcy Court for the Central District of California (the "Bankruptcy Court") as case number 2:16-bk-16248-BB (the "Bankruptcy Case").

E.  As a result of the Debtor's filing for bankruptcy, the CEH Lawsuit is currently stayed pursuant to section 362 of the Bankruptcy Code.

F.  On March 15, 2017, CEH filed a proof of claim against the Debtor's bankruptcy estate (the "Estate"), by which CEH asserts an unsecured claim in the amount of $6,660,000, based on the purported violations by the Debtor of Proposition 65 alleged in the CEH Lawsuit.

G.  On September 6, 2017, the Liquidating Trust filed an objection to the CEH Claim, asserting that the CEH Claim should be disallowed in its entirety, or subordinated to the claims of general unsecured creditors (the "Objection") (Docket No. 831).

H.  On October 4, 2017, CEH filed its response to the Objection, asserting that the CEH Claim should be allowed in its entirety (Docket No. 890).

I.  Following good faith, arm's length negotiations, and to avoid the expense, delay and distraction of litigation regarding the CEH Lawsuit and CEH Claim, the Parties desire to resolve the disputes between and among them, subject to the terms and conditions as hereinafter set forth.

- 1 -

Exhibit 1
Page 15

**NOW, THEREFORE**, in consideration of the mutual terms and covenants to be performed by each of the Parties hereto, and subject to approval of this Settlement Agreement by the Bankruptcy Court, the Parties hereby agree as follows:

## TERMS AND CONDITIONS

1.      <u>Recitals Acknowledged</u>.  The foregoing recitals are true and correct to the best of the Parties' knowledge, and are hereby adopted by the Parties.

2.      <u>Bankruptcy Court Approval</u>.  The terms of this Settlement Agreement, and the effectiveness thereof, are subject to the approval of the Bankruptcy Court, after the Parties' compliance with the notice and hearing requirements of the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, and the Local Bankruptcy Rules.

3.      <u>Effective Date</u>.  This Settlement Agreement shall become effective on the first business day following the 14th calendar day after entry of an order in the Bankruptcy Case approving this Settlement Agreement on which no stay of the Order is in effect (the "Order"), unless the Order expressly provides that the Order shall be effective and enforceable immediately upon entry, in which case the Settlement Agreement shall become effective on the date of entry of the Order (the "Effective Date").

4.      <u>Settlement</u>.  In full settlement of the CEH Claim, the CEH Lawsuit, and any other claims set forth or that could be set forth in the future by CEH against the Debtor's bankruptcy estate, the Liquidating Trust shall pay, or cause to be paid, to CEH the sum of $35,000.00 (the "Settlement Payment").  The Settlement Payment shall be due, payable, and made to the Lexington Law Group Attorney Client Trust Fund within ten (10) days following the Effective Date.

5.      <u>Withdrawal of CEH Claim</u>. Within seven days after receipt of the Settlement Payment, CEH shall file, or provide to the Liquidating Trust's counsel, a withdrawal the CEH Claim on the Claims Register of the Bankruptcy Case.

6.      <u>Mutual Release of Claims</u>.  Upon consummation of the terms of this Settlement Agreement, the Parties shall have no further obligations under this Settlement Agreement, and on behalf of themselves and their respective representatives, agents, attorneys, predecessors, successors, insurers, administrators, heirs, beneficiaries, executors, lenders, advisors, employees, and assigns, and all other persons claiming by, through or under them hereby irrevocably, unconditionally and forever release and discharge each other and each of the Parties' respective current and former trustees, beneficiaries, officers, board members, directors, agents, employees, members, attorneys, representatives, insurers, predecessors and successors in interest from any and all manner of past, present or future actions or causes of action, liens, encumbrances, claims, damages, rights, obligations, liabilities, debts, accounts, judgments, demands, costs and expenses of every kind and description whatsoever, whether known or unknown, suspected or unsuspected, fixed or contingent, arising under or related to the CEH Lawsuit and the CEH Claim; *provided, however*, that this release does not release any claims, liabilities, obligations, or causes of action arising from or relating to any Party's failure

- 2 -

Exhibit 1
Page 16

to comply with this Settlement Agreement.

7.  <u>Unknown Claims</u>.  The Parties acknowledge that they have investigated to their complete satisfaction all facts and potential claims released under Paragraph 5 above which they may have against each other and that there is a risk that after the execution of this Settlement Agreement they will discover, incur, or suffer such claims which were unknown or unanticipated at the time this Settlement Agreement is executed, and if known on the date of execution and delivery, may have materially affected their decision to execute this Settlement Agreement.  The Parties acknowledge and agree that the reason for the mutual release above is that they are assuming the risk of such unknown claims, and agree that this Settlement Agreement applies thereto.  In connection herewith, the Parties expressly waive and relinquish the benefits of Section 1542 of the California Civil Code, which section reads as follows:

> **A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.**

8.  <u>Dismissal of Actions</u>.  Within 14 days of the Effective Date of this Settlement Agreement, CEH will dismiss the CEH Lawsuit against the Debtor in its entirety and with prejudice.

9.  <u>Entire Agreement</u>.  This Settlement Agreement constitutes the final and entire agreement between the Parties hereto pertaining to the subject matter hereof and supersedes all prior and contemporaneous negotiations, discussions, agreements and understandings of the Parties, whether oral or written, with respect to such subject matter.

10.  <u>Binding on Successors</u>.  This Settlement Agreement shall be binding upon and inure to the benefit of the successors, assigns, heirs, executors, administrators, etc. of each of the Parties.

11.  <u>Assignments or Delegation of Rights</u>.  No Party hereto may assign any of their rights or delegate any of their duties hereunder without the prior written consent of the other Party hereto, and any such assignment or delegation without the prior written consent of such other Party shall be void *ab initio*.

12.  <u>Jurisdiction and Venue</u>.  Any action to enforce this Settlement Agreement must be brought in the United States Bankruptcy Court, Central District of California, in the Debtor's bankruptcy case.  Either Party may move to re-open the Bankruptcy case, if necessary, for the purpose of seeking to enforce this Settlement Agreement.  In any such action, the prevailing party shall recover reasonable attorney's fees and costs.  This Settlement Agreement shall be governed by and construed in accordance with the laws of the State of California, without regard to choice of law principles of the State of California, except where the Bankruptcy Code and Bankruptcy Rules provide the basis for the action or the issue requires application of Federal law.  The Parties each hereby waive their right to trial by jury, if any, in connection with any such legal action.  The Parties consent to entry of a final judgment or order by the Bankruptcy Court as a core matter.

- 3 -

Exhibit 1
Page 17

13.    <u>Modification</u>.  This Settlement Agreement may be modified only by a writing executed by the Party to this Settlement Agreement against whom enforcement of such modification is sought.

14.    <u>Further Assurances</u>.  The Parties shall take all further acts and sign all further documents including, without limitation, assignments, bills of sale, endorsements and similar documents, necessary or convenient to effectuate the purpose of this Settlement Agreement.

15.    <u>Signature and Execution</u>.  A signed copy of this Settlement Agreement shall have the same force and effect as the original.  This Settlement Agreement may be executed in counterparts, each of which is deemed to be an original, but such counterparts together shall constitute one and the same instrument.

16.    <u>Full Authority To Sign Agreement</u>.  Any individual signing this Settlement Agreement on behalf of any Party hereto expressly represents and warrants to each other Party hereto that he or she has full authority and power to do so and to bind such Party hereto.

17.    <u>No Admissions or Ratifications</u>.  Nothing set forth in this Settlement Agreement constitutes an admission or ratification by any Party herein of the validity of the other Party's position.

18.    <u>No Penalty for Drafting Agreement</u>.  No provision of this Settlement Agreement shall be interpreted for or against any Party because that Party or its legal representative drafted this Settlement Agreement.

[The remainder of this page is intentionally left blank]

19.   <u>Parties To Bear Own Costs</u>. Each party shall be responsible for the payment of its own costs, attorneys' fees, and all other expenses in connection with negotiation, preparation, execution and approval of this Settlement Agreement. Notwithstanding the foregoing, if legal action is necessary to enforce the terms of this Settlement Agreement, the Party declared to be the prevailing party in such proceedings shall be entitled to its reasonable attorney's fees and costs incurred in enforcing this Settlement Agreement.

IN WITNESS WHEREOF, the Parties hereto have executed this Settlement Agreement as of the date referenced above.

NG DIP LIQUIDATING TRUST

By: _____

Peter Kravitz on behalf of Province, Inc.,
as trustee of the NG DIP Liquidating Trust

CENTER FOR ENVIRONMENTAL HEALTH

By: _____

Its: ASSOCIATE DIRECTOR

Approved as to form:

ROBINS KAPLAN LLP

By: _____

SCOTT F. GAUTIER
Attorneys for Province, Inc., as trustee of
the NG DIP Liquidating Trust

LEXINGTON LAW GROUP

By: _____

ERIC S. SOMERS
Attorneys for Center for Environmental
Health

61391008.1

- 5 -

Exhibit 1
Page 19

Case 2:16-bk-24862-BB    Doc 983    Filed 12/18/17    Entered 12/18/17 16:05:16    Desc
Main Document    Page 21 of 23

# PROOF OF SERVICE OF DOCUMENTS

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

Robins Kaplan LLP, 2049 Century Park East, Suite 3400, Los Angeles, California 90067
A true and correct copy of the foregoing documents entitled:

**TRUSTEE'S NOTICE OF MOTION AND MOTION FOR AUTHORITY TO COMPROMISE WITH THE CENTER FOR ENVIRONMENTAL HEALTH; DECLARATION OF AMANDA DEMBY IN SUPPORT THEREOF**

will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On **December 18, 2017**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- Todd M Arnold    tma@lnbyb.com
- Wesley H Avery    wavery@thebankruptcylawcenter.com, lucy@averytrustee.com
- Peter Bonfante    pbonfante@celsinc.com
- Larry Butler    secured@becket-lee.com
- Diana K Carey    dcarey@karrtuttle.com, mhernandez@karrtuttle.com;mmunhall@karrtuttle.com
- Helena DeYoung    jsong@liquiditysolutions.com
- Jeffrey W Dulberg    jdulberg@pszjlaw.com
- Joseph A Eisenberg    jae@jmbm.com, vr@jmbm.com;tgeher@jmbm.com;bt@jmbm.com;jae@ecf.inforuptcy.com
- Scott Ewing    contact@omnimgt.com, sewing@omnimgt.com;ecf@omnimgt.com;docketalarm-ecf-cacb-5715976304852992@inbound.docketalarm.com
- Ryan S Fife    ryan.fife@dbr.com, cesar.ibanez@dbr.com;docketgeneral@dbr.com
- Bruno Flores    bruno@brunoflores.com, rachel@brunoflores.com;sally@brunoflores.com;genesis@brunoflores.com;clerk@brunoflores.com;r49914@notify.bestcase.com
- Thomas M Gaa    tgaa@bbslaw.com
- Scott F Gautier    sgautier@robinskaplan.com
- Thomas M Geher    tmg@jmbm.com, bt@jmbm.com;fc3@jmbm.com;tmg@ecf.inforuptcy.com
- Fredric Glass    fglass@fairharborcapital.com
- Matthew A Gold    courts@argopartners.net
- Michael I Gottfried    mgottfried@lgbfirm.com, srichmond@lgbfirm.com;emeza@lgbfirm.com;njanbay@lgbfirm.com
- Michael S Greger    mgreger@allenmatkins.com
- Steven T Gubner    sgubner@bg.law, ecf@bg.law
- Gaye N Heck    gheck@bbslaw.com
- Brian L Holman    b.holman@mpglaw.com
- Eric P Israel    eisrael@dgdk.com, danninggill@gmail.com;eisrael@ecf.inforuptcy.com
- Kevin H Jang    khjlawcorp@gmail.com, info.Khjlawcorp@gmail.com
- Nathan E Jones    info@usdrllc.com
- Jeff D Kahane    jkahane@duanemorris.com
- Ori Katz    okatz@sheppardmullin.com, cshulman@sheppardmullin.com;ezisholtz@sheppardmullin.com
- Daniel J Kelly    daniel.kelly@tuckerellis.com, rene.paufve@tuckerellis.com
- Gerald P Kennedy    gerald.kennedy@procopio.com, kristina.terlaga@procopio.com;calendaring@procopio.com;efile-bank@procopio.com
- Gary E Klausner    gek@lnbyb.com
- Matthew Klinger    mklinger@sheppardmullin.com
- Kenneth T Law    ken@bbslaw.com
- Malcolm Leader-Picone    mlp@leader-picone.com
- Angie S Lee    asl.ecf@gmail.com
- Ron Maroko    ron.maroko@usdoj.gov
- Kevin Meek    kmeek@robinskaplan.com, kevinmeek32@gmail.com;kmeek@ecf.inforuptcy.com
- Julie Montgomery    jmontgomery@brownconnery.com, jmontgomery@brownconnery.com
- Margreta M Morgulas    mmorgulas@okinhollander.com

•Alan I Nahmias     anahmias@mbnlawyers.com, jdale@mbnlawyers.com
•Vahak Papasian     vahak@vaplaw.com, hawkp@ecf.courtdrive.com;test@ecf.courtdrive.net
•Penelope Parmes     penelope.parmes@troutmansanders.com
•Jeffrey N Pomerantz     jpomerantz@pszjlaw.com
•Uzzi O Raanan     uor@dgdk.com, DanningGill@gmail.com;uraanan@ecf.inforuptcy.com
•Kurt Ramlo     kr@lnbyb.com, kr@ecf.inforuptcy.com
•J. Alexandra Rhim     arhim@hemar-rousso.com
•Terrel Ross     tross@trcmllc.com
•Victor A Sahn     vsahn@sulmeyerlaw.com,
agonzalez@sulmeyerlaw.com,agonzalez@ecf.inforuptcy.com;asokolowski@sulmeyerlaw.com;vsahn@ecf.inforuptcy.com
•Lovee D Sarenas     lovee.sarenas@lewisbrisbois.com
•Allan D Sarver     ADS@asarverlaw.com
•Benjamin Seigel     bseigel@greenbass.com, rholland@greenbass.com;ecfnotification@greenbass.com
•David B Shemano     dshemano@robinskaplan.com
•Martina A Slocomb     rockymountainlaw@yahoo.com
•Howard Steinberg     steinbergh@gtlaw.com, pearsallt@gtlaw.com;laik@gtlaw.com
•Ovsanna Takvoryan     ot@tlgapc.com, r48607@notify.bestcase.com
•Robert Tannor     rtannor@creditorliquidity.com
•Mark N Todzo     mtodzo@lexlawgroup.com, jbanister@lexlawgroup.com
• United States Trustee (LA)     ustpregion16.la.ecf@usdoj.gov
•Andrew F Whatnall     awhatnall@daca4.com
•Dennis J Wickham     wickham@scmv.com, nazari@scmv.com
•Douglas Wolfe     dwolfe@asmcapital.com

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL:**
On **December 18, 2017**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

See attached service list.

■ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on **December 18, 2017**, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

**Courtesy Copy Via Messenger**
Honorable Sheri Bluebond
United States Bankruptcy Court
Central District of California
255 E. Temple Street, Suite 1534 / Courtroom 1539
Los Angeles, California  90012

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| December 18, 2017 | Angela Matsuoka | /s/ Angela Matsuoka |
|---|---|---|
| Date | Printed Name | Signature |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

**Served Via U.S. Mail**

Mert Beraze
1420 Paloma Street
Los Angeles, CA 90021

Equal Opportunity Clothiers, Inc.
Eliza Ghanooni, Esq.
1901 Avenue of the Stars, Suite 450
Los Angeles, CA 90067

Shoemagoo, LLC
Dennis J. Wickham, Esq.
SELTZER CAPLAN McMAHON VITEK
A Law Corporation
750 B Street, Suite 2100
San Diego, California 92101

Liquidating Trustee for NG DIP, Inc.
Amanda Demby
Province, Inc.
2360 Corporate Circle, Suite 330
Henderson, NV 89074

Center for Environmental Health
Howard Hirsch, Esq.
Lexington Law Group
503 Divisadero Street
San Francisco, CA 94117

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:

 Robins Kaplan LLP, 2049 Century Park East, Suite 3400, Los Angeles, CA 90067

A true and correct copy of the foregoing document entitled: **DECLARATION THAT NO PARTY REQUESTED A HEARING ON MOTION [LBR 9013-1(o)(3)]** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) 01/19/2018   , I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

 Please see attached.

☒  Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:
On (*date*) 01/19/2018   , I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

Please see attached.

☒  Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) 01/19/2018   , I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

Courtesy Copies Via Messenger:
 Honorable Sheri Bluebond, United States Bankruptcy Court, Central District of California, Los Angeles Division
 255 E. Temple Street, Suite 1534/Courtroom 1539, Los Angeles, California 90012

☐  Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 01/19/2018 | Angela Matsuoka | /s/ Angela Matsuoka |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

**Electronic Mailing List**

- Todd M Arnold      tma@lnbyb.com
- Wesley H Avery      wavery@thebankruptcylawcenter.com, lucy@averytrustee.com
- Peter Bonfante      pbonfante@celsinc.com
- Larry Butler      secured@becket-lee.com
- Diana K Carey      dcarey@karrtuttle.com, mhernandez@karrtuttle.com;mmunhall@karrtuttle.com
- Helena DeYoung      jsong@liquiditysolutions.com
- Jeffrey W Dulberg      jdulberg@pszjlaw.com
- Joseph A Eisenberg      jae@jmbm.com, vr@jmbm.com;bt@jmbm.com;jae@ecf.inforuptcy.com
- Scott Ewing      contact@omnimgt.com, sewing@omnimgt.com;ecf@omnimgt.com;docketalarm-ecf-cacb-5715976304852992@inbound.docketalarm.com
- Ryan S Fife      ryan.fife@dbr.com, cesar.ibanez@dbr.com;docketgeneral@dbr.com
- Bruno Flores      bruno@brunoflores.com,
rachel@brunoflores.com;sally@brunoflores.com;genesis@brunoflores.com;clerk@brunoflores.com;r49914@notify.bestcase.com
- Thomas M Gaa      tgaa@bbslaw.com
- Scott F Gautier      sgautier@robinskaplan.com
- Thomas M Geher      tmg@jmbm.com, bt@jmbm.com;fc3@jmbm.com;tmg@ecf.inforuptcy.com
- Fredric Glass      fglass@fairharborcapital.com
- Matthew A Gold      courts@argopartners.net
- Michael I Gottfried      mgottfried@lgbfirm.com,
srichmond@lgbfirm.com;emeza@lgbfirm.com;njanbay@lgbfirm.com
- Michael S Greger      mgreger@allenmatkins.com
- Steven T Gubner      sgubner@bg.law, ecf@bg.law
- Gaye N Heck      gheck@bbslaw.com
- Brian L Holman      b.holman@mpglaw.com
- Eric P Israel      eisrael@dgdk.com, danninggill@gmail.com;eisrael@ecf.inforuptcy.com
- Kevin H Jang      khjlawcorp@gmail.com, info.Khjlawcorp@gmail.com
- Nathan E Jones      info@usdrllc.com
- Jeff D Kahane      jkahane@duanemorris.com, aflores@duanemorris.com
- Ori Katz      okatz@sheppardmullin.com, cshulman@sheppardmullin.com;ezisholtz@sheppardmullin.com
- Daniel J Kelly      daniel.kelly@tuckerellis.com, rene.paufve@tuckerellis.com
- Gerald P Kennedy      gerald.kennedy@procopio.com,
kristina.terlaga@procopio.com;calendaring@procopio.com;efile-bank@procopio.com
- Andre A Khansari      andre@khansarilaw.com, legal@khansarilaw.com
- Gary E Klausner      gek@lnbyb.com
- Matthew Klinger      mklinger@sheppardmullin.com
- Kenneth T Law      ken@bbslaw.com
- Malcolm Leader-Picone      mlp@leader-picone.com
- Angie S Lee      asl.ecf@gmail.com
- Ron Maroko      ron.maroko@usdoj.gov
- Kevin Meek      kmeek@robinskaplan.com, kevinmeek32@gmail.com;kmeek@ecf.inforuptcy.com
- Julie Montgomery      jmontgomery@brownconnery.com, jmontgomery@brownconnery.com
- Margreta M Morgulas      mmorgulas@okinhollander.com
- Alan I Nahmias      anahmias@mbnlawyers.com, jdale@mbnlawyers.com
- Vahak Papasian      vahak@vaplaw.com, hawkp@ecf.courtdrive.com;test@ecf.courtdrive.net
- Penelope Parmes      penelope@parmeslaw.com
- Jeffrey N Pomerantz      jpomerantz@pszjlaw.com
- Uzzi O Raanan      uor@dgdk.com, DanningGill@gmail.com;uraanan@ecf.inforuptcy.com
- Kurt Ramlo      kr@lnbyb.com, kr@ecf.inforuptcy.com
- J. Alexandra Rhim      arhim@hemar-rousso.com
- Terrel Ross      tross@trcmllc.com

- Victor A Sahn    vsahn@sulmeyerlaw.com,
agonzalez@sulmeyerlaw.com,agonzalez@ecf.inforuptcy.com;asokolowski@sulmeyerlaw.com;vsahn@ecf.inforuptcy.com
- Lovee D Sarenas    lovee.sarenas@lewisbrisbois.com
- Allan D Sarver    ADS@asarverlaw.com
- Benjamin Seigel    bseigel@greenbass.com, rholland@greenbass.com;ecfnotification@greenbass.com
- David B Shemano    dshemano@robinskaplan.com
- Martina A Slocomb    rockymountainlaw@yahoo.com
- Howard Steinberg    steinbergh@gtlaw.com, pearsallt@gtlaw.com;laik@gtlaw.com
- Ovsanna Takvoryan    ot@tlgapc.com, r48607@notify.bestcase.com
- Robert Tannor    rtannor@creditorliquidity.com
- Mark N Todzo    mtodzo@lexlawgroup.com, jbanister@lexlawgroup.com
- United States Trustee (LA)    ustpregion16.la.ecf@usdoj.gov
- Andrew F Whatnall    awhatnall@daca4.com
- Dennis J Wickham    wickham@scmv.com, nazari@scmv.com
- Douglas Wolfe    dwolfe@asmcapital.com

**<u>Served Via U.S. Mail</u>**

Mert Beraze
1420 Paloma Street
Los Angeles, CA 90021

<u>Equal Opportunity Clothiers, Inc.</u>
Eliza Ghanooni, Esq.
1901 Avenue of the Stars, Suite 450
Los Angeles, CA 90067

<u>Shoemagoo, LLC</u>
Dennis J. Wickham, Esq.
SELTZER CAPLAN McMAHON VITEK
A Law Corporation
750 B Street, Suite 2100
San Diego, California 92101

<u>Liquidating Trustee for NG DIP, Inc.</u>
Amanda Demby
Province, Inc.
2360 Corporate Circle, Suite 330
Henderson, NV 89074

<u>Center for Environmental Health</u>
Howard Hirsch, Esq.
Lexington Law Group
503 Divisadero Street
San Francisco, CA 94117