GARY E. KLAUSNER (SBN 69077)
TODD M. ARNOLD (SBN 221868)
LEVENE, NEALE, BENDER, YOO & BRILL L.L.P.
10250 Constellation Boulevard, Suite 1700
Los Angeles, CA 90067
Telephone:  (310) 229-1234
Telecopy:  (310) 229-1244
Email:  gek@lnbyb.com; tma@lnbyb.com

Attorneys for Province Inc., as Trustee of the NG DIP Liquidating Trust

## UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

## LOS ANGELES DIVISION

| | |
|---|---|
| In re:<br><br>NG DIP, INC. (f/k/a Nasty Gal, Inc.), a California corporation,<br><br>Debtor. | Case No.: 2:16-bk-24862-BB<br><br>Chapter 11 Case<br><br>**NOTICE OF MOTION AND MOTION FOR THE ENTRY OF (1) A FINAL DECREE CLOSING THE DEBTOR'S CHAPTER 11 CASE AND (2) AN ORDER PROVIDING RELATED RELIEF; MEMORANDUM OF POINTS AND AUTHORITIES AND DECLARATION IN SUPPORT THEREOF**<br><br>Hearing:<br>Date:  April 29, 2020<br>Time:  10:00 a.m.<br>Place:  Courtroom 1539<br>       255 E. Temple Street<br>       Los Angeles, California 90012 |

# TABLE OF CONTENTS

Memorandum of Points and Authorities ........................................................................ 3

I.    Statement of Facts ................................................................................................. 3

       A.    General Overview ........................................................................................ 3

       B.    Post Confirmation Liabilities for United States Trustee Quarterly Fees
             and Taxes ..................................................................................................... 4

       C.    The Pursuit of, and Recovery On, Avoidance Action Claims .................... 4

       D.    Remnant Asset Sale ..................................................................................... 5

       E.    Summary of Claims and Distributions to Creditors .................................... 5

       F.    The Debtor's Noticing, Claims and Balloting Agent ................................... 9

II.   Legal Argument ..................................................................................................... 9

       A.    The Court Should Enter a Final Decree ...................................................... 9

       B.    The Court Should Relieve Omni OG Any Further Obligations as the Noticing,
             Claims, and Balloting Agent in the Debtor's Case .................................... 12

III.  CONCLUSION .................................................................................................... 13

DECLARATION OF AMANDA DEMBY ................................................................... 14

# TABLE OF AUTHORITIES

**<u>Cases</u>**

*In re Indian Creek Ltd. P'ship.*,
    205 B.R. 609 (Bankr. D. Ariz. 1997) ................................................................. 11

*In re Provident Fin., Inc.*,
    No. ADV.10-00001, 2010 WL 6259973 (B.A.P. 9th Cir. Oct. 12, 2010) ...................... 11

*In re Spokane Raceway Park Inc.*,
    No. BAP EW-12-1659, 2013 WL 3972429 (B.A.P. 9th Cir. Aug. 2, 2013).................... 11

**<u>Statutes</u>**

11 U.S.C. § 105(a)................................................................................................................. 1

11 U.S.C. § 350 ........................................................................................................... 1, 9, 10

**<u>Rules</u>**

Fed. R. Bankr. P. 3022 ............................................................................................. 1, 9, 10, 11

Local Bankruptcy Rule 3022-1 .............................................................................................. 1

Local Bankruptcy Rule 9013-1 .............................................................................................. 1

**PLEASE TAKE NOTICE THAT** Province, Inc., as trustee (the "Trustee") of the NG DIP Liquidating Trust (the "Liquidating Trust") hereby moves the Court (the "Motion") for the entry of (1) a final decree closing the chapter 11 case of NG DIP, Inc. (f/k/a Nasty Gal, Inc.), the debtor herein (the "Debtor"), and (2) an order (a) authorizing the Liquidating Trust to make final distributions required by the Joint Liquidating Plan of Reorganization Dated May 23, 2017 (the "Plan") [Dkt. 658] and the related Liquidating Trust created thereunder, after the entry of the final decree closing the Debtor's chapter 11 case, which will save approximately $20,000 United States Trustee quarterly fees and, therefore, increase distributions to creditors by a corresponding amount and (b) relieving Omni Agent Solutions (fka Omni Management Group) ("Omni") from any further obligations as the noticing, claims, and balloting agent in the Debtor's case.

**PLEASE TAKE FURTHER NOTICE** that this Motion is based on this Notice of Motion and Motion, 11 U.S.C. §§ 105(a) and 350, Fed. R. Bankr. P. 3022, Local Bankruptcy Rule ("LBR") 3022-1, the annexed memorandum of points and authorities and declaration in support of this Motion, and the entire record in the Debtor's chapter 11 case.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to LBR 9013-1(f), any opposition to this Motion must (1) be in writing and include all reasons and evidence in support of the opposition, (2) be filed at least fourteen (14) days prior to the hearing on this Motion, and (3) be served on the United States Trustee and counsel for the Trustee of the Liquidating Trust.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to LBR 9013-1(h), the Court may deem the failure of any party to file a timely opposition to this Motion to constitute consent to the granting of this Motion and the relief requested herein.

**WHEREFORE**, the Trustee respectfully request that the Court enter an order: (1) granting this Motion in its entirety, (2) providing for the entry of a final decree closing the Debtor's chapter 11 bankruptcy case and directing the Clerk of the Court to enter a final decree, (3) authorizing the Trustee to make final distributions required by the Plan and the related Liquidating Trust created thereunder, after the entry of the final decree closing the Debtor's

chapter 11 case, (4) relieving Omni from any further obligations as the claims agent in the

Debtor's case, and (5) granting such other and further relief as the Court deems just and proper.

Dated: April 7, 2020      NG DIP LIQUIDATING TRUST

          By: */s/ Todd M. Arnold*
            GARY E. KLAUSNER
            TODD M. ARNOLD
          LEVENE, NEALE, BENDER, YOO & BRILL L.L.P.
          Attorneys for Province Inc., as Trustee of the
          NG DIP Liquidating Trust

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.

## STATEMENT OF FACTS

### A.    GENERAL OVERVIEW.

1.    On November 9, 2016, the Debtor filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"), commencing the above-captioned bankruptcy case.

2.    On August 1, 2017, the Court entered its Order (the "Confirmation Order") confirming the *Joint Liquidating Plan of Reorganization Dated May 23, 2017* (the "Plan") [Dkt. 658] proposed by NG DIP Inc. (f/k/a Nasty Gal) (the "Debtor") and the Official Committee of Unsecured Creditors (the "Committee").  Upon the occurrence of the effective date of the Plan (the "Effective Date"), the Plan provided for the transfer of the Debtor's assets to the NG DIP Liquidating Trust (the "Liquidating Trust") created pursuant to the Plan Liquidating Trust and the appointment of Province, Inc., as trustee (the "Trustee") of the Liquidating Trust.

3.    The Plan became effective as of August 18, 2017 (the "Effective Date"), notice of which was served by the Debtor on August 22, 2017.  [*See* Dkt. 806]  On the Effective Date, among other things, the Debtor transferred its cash assets, totaling $3,725,000.00 to the Liquidating Trust.   After the Effective Date, the Liquidating Trust received an additional $1,848,959.57from the return of deposits, settlements with the Debtor's credit card intermediaries and avoidance action defendants, and a sale of remnant assets.

4.    As further discussed below, after the Effective Date, the Liquidating Trust worked diligently to review the scheduled and filed claims and to raise and resolve objections thereto (the "Claim Objections").  The Liquidating Trust timely filed Claim Objections, and obtained orders from the Court sustaining substantially all of the Liquidating Trust's Claim Objections.  Claim Objections to other claims were resolved consensually resulting in withdrawals, or amendments, of such claims.  All of the Claim Objections have been resolved and none are pending with the Court.

5.     As also further discussed below, after the Effective Date, the Liquidating Trust worked diligently to analyze, pursue, and settle or otherwise resolve certain preference actions (the "Preference Actions") and a fraudulent transfer action (the "Fraudulent Transfer Action" and, with the Preference Actions, the "Avoidance Actions").  All of the Avoidance Actions have been resolved and none are pending with the Court.

**B.     POST CONFIRMATION LIABILITIES FOR UNITED STATES TRUSTEE QUARTERLY FEES AND TAXES.**

6.     The Liquidating Trust is current on all liabilities for quarterly fees owed to the United States Trustee (the "UST") that have come due.  The Liquidating Trust will make a final payment to the UST for quarterly fees incurred in the second quarter of 2020 through entry of a final decree.

7.     The Liquidating Trust is current on all post-confirmation tax liabilities that have come due since confirmation of the Plan and will reserve for and pay any accrued but unpaid tax liabilities.

**C.     THE PURSUIT OF, AND RECOVERY ON, AVOIDANCE ACTION CLAIMS.**

8.     The Liquidating Trust filed fifteen (15) Preference Actions seeking to avoid and recover gross transfers in the amount of $4.088 million, which amount was actually lower after certain duplicate transfers and transfers that ultimately lacked evidentiary support were eliminated. The Liquidating Trust settled ten (10) of the Preference Actions.  Pursuant to the settlements, the Liquidating Trust recovered $276,623, and all of the settlements included waivers of Section 502(h) claims totaling $276,623 which the subject defendants would have otherwise been entitled to assert.  The Liquidating Trust obtained default judgments (the "Default Judgments") in four (4) of the Preference Actions. The Default Judgments are in the gross amount of $232,682.07 and also resulted in the disallowance of the subject defendants' claims against the Debtor.  The Liquidating Trust dismissed the remaining Preference Action, because the subject defendant provided proof of a complete defense.  All of the Preference Actions have been resolved and none are pending with the Court.

9.       The Liquidating Trust filed a Fraudulent Transfer Action against the City of Los Angeles alleging claims to avoid and recover alleged fraudulent transfers totaling $262,235.  The Fraudulent Transfer Action was settled in exchange for a payment of $95,000 by the City of Los Angeles to the Liquidating Trust.  Thereafter, the Fraudulent Transfer Action was dismissed.

**D.    REMNANT ASSET SALE.**

10.      The Liquidating Trust sold its ruminant assets, including the Default Judgments to Oak Point Partners for $10,000.00.

**E.    SUMMARY OF CLAIMS AND DISTRIBUTIONS TO CREDITORS.**

11.      Below is a summary of the status of the claims scheduled and filed against the Debtor.  The Plan divides claims into five classes, Classes 1 through 5.  A sixth class consisting of the equity interests in the Debtor was established, however that class does not receive distributions under the Plan.

### SECURED CLASSES

12.      The Plan includes three classes of secured claims: Class 2(a), consisting of the secured claim of Hercules Capital Inc. ("Hercules") based upon that certain Loan and Security Agreement dated November 6, 2015 between Hercules and the Debtor (the "Hercules Claim"); Class 2(b), consisting of the claim of Pacific Western Bank ("PWB") based upon the Letter of Credit Agreement, Pledge and Security Agreement attached to the proof of claim filed by PWB on January 31, 2017 (the "PWB Claim"); and Class 2(c), consisting of all other secured claims.

13.      Both the Hercules Claim and PWB Claim have been fully resolved.  On July 5, 2017, the Debtor, the Committee and Hercules entered into the *Stipulation Releasing A Portion Of Segregated Asset Sale Proceeds* [Dkt. 708], whereby the Debtor released $1,850,000 of funds in full satisfaction of the Hercules Claim.

14.      The PWB Claim has also been resolved.  Pursuant to the Court's *Order Granting Relief from the Automatic Stay* [Dkt. 737], PWB liquidated its collateral consisting of three money market accounts that secured the Debtor's reimbursement obligations arising under three standby letters of credit issued by PWB in which the Debtor's former landlords were beneficiaries.

15.    With respect to Class 2(c) consisting of other secured claims, three other claimants filed proofs of claims seeking secured status—(a) Emory Park, Inc. (Claim No. 97); (b) Lovely Planet US LLC (Claim No. 171); and (c) Scotch and Soda Export B.V. (Claim No. 175).   On December 15, 2017, the Liquidating Trust filed an omnibus objection seeking to reclassify these claims as general unsecured claims.  On February 8, 2018, the Court entered its order [Dkt. 1109] sustaining the foregoing objection and reclassifying the foregoing claims as general unsecured claims.

16. All allowed secured claims have been paid in full.

### ADMINISTRATIVE CLAIMS

17.    Six professionals were appointed or employed to represent the Debtor's estate and the Committee.  Pursuant to the Plan, October 17, 2017 was the deadline for professionals to file their final applications for awards of fees and expenses.  On October 20, 2017, the Court entered its order [Dkt. 915] approving those final fee applications.   Pursuant to the Court's order, the Liquidating Trust paid allowed professional fees and expenses as follows:

| Professional | Amount Paid by Liquidating Trust | Date Paid |
|---|---|---|
| Robins Kaplan LLP | $801,578.46 | October 26, 2017 |
| Peter J Solomon Company | $11,834.98 | October 26, 2017 |
| Province Inc. | $37,960.86 | November 16, 2017 |
| Levene, Neale, Bender, Yoo & Brill LLP | $260,478.83 | October 31, 2017 |
| B. Riley & Co. | $6,290.00 | October 31, 2017 |

18.    While the Liquidating Trust incurred and paid fees and expenses incurred by the Liquidating Trust after the Effective Date and will pay any fees and expenses owed by the Liquidating Trust before making a final distribution on allowed general unsecured claims, all allowed administrative claims have been paid in full.

**PRIORITY CLAIMS**

19.    After the Effective Date, the Liquidating Trust objected to several priority claims filed against the Debtor's bankruptcy estate and paid all allowed priority claims in full.

20.    The Liquidating Trust obtained orders disallowing the priority status of the following claims:

| Claimant | Claim No. | Order Entered |
|---|---|---|
| Jason Landis | 118 | December 27, 2017 (Docket No. 1005) |
| Ruijing Sewing Company Co., Ltd. | 340 | December 27, 2017 (Docket No. 1004) |
| Jacqueline Pak | 348 | December 27, 2017 (Docket No. 1003) |
| Factor Model Management LA Inc. | 95 | November 7, 2017 (Docket No. 929) |
| Model Two Management | 113 | November 7, 2017 (Docket No. 928) |
| The Morales Group, Inc. | 326 | November 7, 2017 (Docket No. 927) |
| Six K Management Productions | 74 | November 7, 2017 (Docket No. 926) |
| The Workshop LA, LLC | 130 | November 7, 2017 (Docket No. 925) |
| Cape Robbin | 31 | February 7, 2018 (Docket No. 1105) |
| State Board of Equalization | 310 | February 7, 2018 (Docket No. 1105) |
| 523 West 6th Street Property Owner LLC | 328 | February 26, 2018 (Docket No. 1131) (reducing the priority claim asserted by Claimant from $62,978.00 to $9,144.75) |
| State of Ohio | 344 | March 29, 2018 (Docket No. 1164) (reducing the priority claim asserted by Claimant from $84,720.00 to $8,200.00. |

21.    The Liquidating Trust has paid the following priority claims, which constitute all known allowed priority claims, in full:

| Claimant | Claim No. | Amount Paid |
|---|---|---|
| 523 West 6th Street Property Owner LLC | 328 | $106,594.32 |
| 8115 Melrose, LLC | 327 | $22,500.54 |
| Andari Fashion, Inc. | 273 | $10,879.07 |
| Bardot Pty Ltd | 358 | $38,647.72 |
| CRG Financial LLC | 306 | $1,441.77 |
| CRG Financial LLC | 307 | $6,560.12 |

| Claimant | Claim No. | Amount Paid |
|---|---|---|
| CRG Financial LLC | 308 | $12,459.10 |
| Current Air Clothing, Inc. | 258 | $9,109.00 |
| Decade Productions, LLC | 183 | $10,275.25 |
| Fair Harbor Capital, LLC | 290 | $9,330.00 |
| Fair Harbor Capital, LLC | 291 | $42,756.78 |
| Fair Harbor Capital, LLC | 53 | $14,450.00 |
| Google Inc. | 242 | $33,610.73 |
| Olivaceous | 8 | $35,089.00 |
| Salesforce.com, Inc. | 292 | $38,262.44 |
| Stiu S.r.l. | 330 | $47,479.56 |
| Argo Partners (as assignee of Ark & Co.) | 232 | $7,650.00 |
| Argo Partners (as assignee of Few Moda) | 32 | $28,307.00 |
| Argo Partners (as assignee of CMS Associates Pvt Ltd) | 364 | $45,921.44 |
| Argo Partners (as assignee of Colonial Tag) | 192 | $22,000.00 |
| Argo Partners (as assignee for Purple & Me, Inc.) | 13 | $37,220.40 |
| Argo Partners (as assignee for Very J) | 37 | $8,537.72 |
| Center for Environmental Health | 316 | $35,000.00 |
| State of Ohio | 344 | $8,200.00 |
| Current Air Clothing, Inc. | 258 | $9,109.00 |
| JC Dossier, Inc. | 302 | $60,162.00 |
| Yahoo Holdings, Inc. | 272 | $2,901.56 |
| Diamond Polk | 216 | $989.25 |
| Aaron Battista | 288 | $7,330.92 |
| Argo Partners as assignee of Solemio | 233 | $9,949.50 |
| Creditors Adjustment Bureau | 1163 | $16,672.55 |
| Franchise Tax Board (BK Section) | 359 | $829.37 |
| KPN Apparel, LLC | 86 | $18,579.00 |
| Nes Group | 271 | $3,419.00 |
| Rare Fashion Ltd. | 295 | $14,075.35 |
| Rosenthal & Rosenthal, Inc. | 235 | $7,076.00 |
| Commonwealth of Kentucky Dept. of Revenue | 35 | $58,410.16 |
| Robert Ross | 222 | $11,554.05 |

## GENERAL UNSECURED CLAIMS

22.     Class 3 of the Plan consists of the claims of general unsecured creditors.  Under the Plan, each holder of an allowed general unsecured claim shall receive a pro rata share of distributions of available cash.  On December 15, 2017, the Liquidating Trust filed Claim Objections to several unsecured claims under section 502(b)(1) of the Bankruptcy Code, and

obtained an order sustaining substantially all of the Liquidating Trust's Claim Objections [*see* Dkt. 1131] (the "Claim Objections"). All Claim Objections have been resolved.

23.    As set forth in the waterfall attached hereto as **Exhibit "1"** and the chart showing allowed general unsecured claims attached hereto as **Exhibit "2,"** after accounting for (a) all recoveries by the Liquidating Trust, (b) all payments of the allowed secured, administrative, and priority claims set forth above, and (c) projected final payments for accrued and outstanding obligations of the Liquidating Trust, the Liquidating Trust expects to have approximately $2.060 million in funds to make a distribution on $19,919,198.83 in allowed general unsecured claims (the "Final Distribution"). The foregoing will result in a projected 10.3% pro rata distribution on allowed general unsecured claims.

24.    Subject to Court approval, and as allowed by the Bankruptcy Code, the Bankruptcy Rules, and the confirmed Plan, the Debtor intends to make the Final Distribution after the Court enters a final decree closing the Debtor's case, because that will allow the Liquidating Trust to save approximately $20,000 in quarterly fees and increase the Final Distribution by a corresponding amount.

**F.    THE DEBTOR'S NOTICING, CLAIMS, AND BALLOTING AGENT.**

25.    Pursuant to an application and order of the Court [Dkts. 17 and 131], Omni Agent Solutions (fka Omni Management Group) ("Omni") was employed as the Debtor's noticing, claims, and balloting agent.

## II.

## LEGAL ARGUMENT

**A.    THE COURT SHOULD ENTER A FINAL DECREE.**

Section 350 of the Bankruptcy Code provides that, "[a]fter an estate is fully administered and the court has discharged the trustee, the court shall close the case." 11 U.S.C. § 350(a). Rule 3022 of the Federal Rules of Bankruptcy Procedure provides as follows:

> After an estate is fully administered in a chapter 11 reorganization case, the court, on its own motion or on motion of a party in interest, shall enter a final decree closing the case.

Fed. R. Bankr. P. 3022.  Rule 3022-1 of the Local Bankruptcy Rules provides as follows:

> After an estate is fully administered in a chapter 11 reorganization case, a party in interest may file a motion for a final decree in the manner provided in LBR 9013-1(d) or (o). Notice of the motion must be served on all parties upon whom the plan was served.[1]

L.B.R. 3022-1.  Paragraph Y of the order [Dkt. 780] confirming the Plan provides as follows:

> Upon the occurrence of the Effective Date, the Liquidating Trust may lodge an order with the Bankruptcy Court at any time closing the Chapter 11 Case and entering a final decree.

The term "fully administered" in Section 350(a) and Rule 3022 does not require that a plan has been fully performed or that all plan payments have been made.  Instead, as discussed in the Advisory Committee Note to Rule 3022:

> Entry of a final decree closing a chapter 11 case should not be delayed solely because the payments required by the plan have not been completed. Factors that the court should consider in determining whether the estate has been fully administered include (1) whether the order confirming the plan has become final, (2) whether deposits required by the plan have been distributed, (3) whether the property proposed by the plan to be transferred has been transferred, (4) whether the debtor or the successor of the debtor under the plan has assumed the business or the management of the property dealt with by the plan, (5) whether payments under the plan have commenced, and (6) whether all motions, contested matters, and adversary proceedings have been finally resolved.

Fed. R. Bankr. P. 3022; *see also In re Indian Creek Ltd. P'ship.*, 205 B.R. 609, 611 (Bankr. D. Ariz. 1997) ((1) holding that "FRBP 3022 is a mandatory obligation on the Bankruptcy Court and once the Debtor meets the "fully administered" requirement of FRBP 3022, the Court cannot

---

[1] On November 15, 2016, the Court entered an order [Dkt. 53] limiting notice on various motions, including the instant Motion, to only (1) the UST; (2) the creditors holding the 20 largest unsecured claims in this case, or, if and when appointed, counsel for the Official Committee of Unsecured Creditors; (3) secured creditors or their counsel, including Hercules; (4) parties that have previously filed or file with the Court requests for notice of all matters in accordance with Bankruptcy Rule 2002(i); and (5) any party against whom direct relief is sought by motion, application or otherwise, including, by way of example and without limitation, the non-debtor party to an executory contract being assumed or rejected, parties asserting interests in property being sold, and the like.  Consistent with the foregoing, the instant Notice of Motion and Motion were served on (1) the Office of the UST; (2) the creditors holding the 20 largest unsecured claims in this case since the Committee was dissolved on the Effective Date of the Plan; (3) secured creditors or their counsel, including Hercules; (4) parties that have previously requested special notice; and (5) parties receiving notice via NEF.

condition the entry of a final decree based on an additional requirement for the payment of post-confirmation quarterly fees to the United States Trustee" and (2) acknowledging that whether a case was fully administered should be analyzed based on the foregoing six factors set forth in the Advisory Committee Notes to Rule 3022); *In re Spokane Raceway Park Inc.*, No. BAP EW-12-1659, 2013 WL 3972429, at *4 (B.A.P. 9th Cir. Aug. 2, 2013) ("Although the [elements for determining whether an estate has been fully administered set forth in the] Advisory Committee Note provides guidance on when a bankruptcy court may enter a final decree, not all the factors set forth in the Advisory Committee Note need to be present to establish that a case is fully administered for final decree purposes."); *In re Provident Fin., Inc.*, No. ADV.10-00001, 2010 WL 6259973, at *9 (B.A.P. 9th Cir. Oct. 12, 2010), aff'd, 466 F. App'x 672 (9th Cir. 2012) (same).

Here, all of the applicable factors set forth in the Advisory Committee Note to Rule 3022 weigh in favor of finding that the Debtor's estate has been "fully administered" such that a final decree should be entered, as follows:

(1)    Whether The Order Confirming The Plan Has Become Final:    The order [Dkt. 780] confirming the Plan was entered on August 1, 2017, was not appealed, and has been final for over two years.

(2)    Whether Deposits Required By The Plan Have Been Distributed:    This factor is not applicable.  With that said, as discussed above, the Liquidating Trust has recovered all funds to be distributed under the Plan.

(3)    Whether The Property Proposed By The Plan To Be Transferred Has Been Transferred:    As discussed above, pursuant to the Plan, on the Effective Date of the Plan, all of the Debtor's assets were transferred to the Liquidating Trust.  Other than the foregoing transfer to the Liquidating Trust, the Plan does not contemplate or require any other transfers of property

(4)    Whether The Debtors Or The Successor Of The Debtors Under The Plan Has Assumed The Business Or The Management Of The Property Dealt With By The Plan:    The Debtor ceased business operations before the Effective Date of the Plan.  After the Effective

Date of the Plan, all of the Debtor's assets were transferred to the Liquidating Trust and, thereafter, the Trustee assumed responsibility for the management of such assets.  As noted, all of the assets have been reduced to cash and the Liquidating Trust is now in a position to make the Final Distribution on allowed general unsecured claims.

(5)    <u>Whether Payments Under The Plan Have Commenced:</u>  As discussed above, all allowed secured, administrative, and priority claims were paid in full.  All fees and expenses incurred by the Liquidating Trust have been or will be paid in full.  Thereafter, the Liquidating Trust will make the Final Distribution on allowed general unsecured claims.  As noted herein, the Liquidating Trust is seeking to do that after the entry of a final decree closing the case, because (1) that is allowed by the Bankruptcy Code, the Bankruptcy Rules, and under the conformed Plan and (2) doing so will that will allow the Liquidating Trust to save approximately $20,000 in quarterly fees and increase the Final Distribution by a corresponding amount, which will benefit the holders of allowed general unsecured claims.

(6)    <u>Whether All Motions, Contested Matters, And Adversary Proceedings Have Been Finally Resolved:</u>  Other than the instant Motion, all motions, contested matters, and adversary proceedings have been finally resolved and none are pending with the Court.

Based on the foregoing, the Debtor's chapter 11 case had been fully administered, and the Court should enter a final decree closing the Debtors' chapter 11 case.

**B.    THE COURT SHOULD RELIEVE OMNI OG ANY FURTHER OBLIGATIONS AS THE NOTICING, CLAIMS, AND BALLOTING AGENT IN THE DEBTOR'S CASE.**

Upon entry of an order granting the instant Motion and entering a final decree closing the Debtor's bankruptcy case, the Debtor and the Liquidating Trust will no longer require services from Omni.  Therefore, any order granting the Motion should provide that Omni is relieved from any further obligations as the noticing, claims, and balloting agent in the Debtor's case.

///

///

///

## III.

## <u>CONCLUSION</u>

**WHEREFORE**, the Trustee respectfully request that the Court enter an order: (1) granting this Motion in its entirety, (2) providing for the entry of a final decree closing the Debtor's chapter 11 bankruptcy case and directing the Clerk of the Court to enter a final decree, (3) authorizing the Trustee to make final distributions required by the Plan and the related Liquidating Trust created thereunder, after the entry of the final decree closing the Debtor's chapter 11 case, (4) relieving Omni from any further obligations as the claims agent in the Debtor's case, and (5) granting such other and further relief as the Court deems just and proper.

Dated: April 7, 2020                    NG DIP LIQUIDATING TRUST

                                        By:    /s/ Todd M. Arnold
                                              GARY E. KLAUSNER
                                              TODD M. ARNOLD
                                        LEVENE, NEALE, BENDER, YOO & BRILL L.L.P.
                                        Attorneys for Province Inc., as Trustee of the
                                        NG DIP Liquidating Trust

## DECLARATION OF AMANDA DEMBY

I, Amanda Demby, declare as follows:

1.        I am a Managing Director with the firm, Province, Inc., the trustee (the "Trustee") of the NG DIP Liquidating Trust (the "Liquidating Trust"), and I am authorized to submit and I make this declaration ("Declaration") on behalf of the Liquidating Trust in connection with the instant Motion.  Unless otherwise noted, capitalized terms referenced in this Declaration have the same meaning as those set forth in the Motion.

2.        Except as otherwise noted herein, I have personal knowledge of the facts presented in this Declaration.  If called as a witness to do so, I could competently testify thereto.

3.        On November 9, 2016, the Debtor filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"), commencing the above-captioned bankruptcy case.

4.        On August 1, 2017, the Court entered its Order (the "Confirmation Order") confirming the *Joint Liquidating Plan of Reorganization Dated May 23, 2017* (the "Plan") [Dkt. 658] proposed by NG DIP Inc. (f/k/a Nasty Gal) (the "Debtor") and the Official Committee of Unsecured Creditors (the "Committee").  Upon the occurrence of the effective date of the Plan (the "Effective Date"), the Plan provided for the transfer of the Debtor's assets to the Liquidating Trust created pursuant to the Plan Liquidating Trust and the appointment of Province, Inc., as Trustee of the Liquidating Trust.

5.        The Plan became effective as of August 18, 2017 (the "Effective Date"), notice of which was served by the Debtor on August 22, 2017.  On the Effective Date, among other things, the Debtor transferred its cash assets, totaling $3,725,000.00 to the Liquidating Trust.   After the Effective Date, the Liquidating Trust received an additional $1,848,959.57from the return of deposits, settlements with the Debtor's credit card intermediaries and avoidance action defendants, and a sale of remnant assets.

6.        As further discussed below, after the Effective Date, the Liquidating Trust worked diligently to review the scheduled and filed claims and to raise and resolve objections thereto (the

"Claim Objections").  The Liquidating Trust timely filed Claim Objections, and obtained orders from the Court sustaining substantially all of the Liquidating Trust's Claim Objections.  Claim Objections to other claims were resolved consensually resulting in withdrawals, or amendments, of such claims.  All of the Claim Objections have been resolved and none are pending with the Court.

7.    As also further discussed below, after the Effective Date, the Liquidating Trust worked diligently to analyze, pursue, and settle or otherwise resolve certain preference actions (the "Preference Actions") and a fraudulent transfer action (the "Fraudulent Transfer Action" and, with the Preference Actions, the "Avoidance Actions").    All of the Avoidance Actions have been resolved and none are pending with the Court.

8.    The Liquidating Trust is current on all liabilities for quarterly fees owed to the United States Trustee (the "UST") that have come due.  The Liquidating Trust will make a final payment to the UST for quarterly fees incurred in the second quarter of 2020 through entry of a final decree.

9.    The Liquidating Trust is current on all post-confirmation tax liabilities that have come due since confirmation of the Plan and will reserve for and pay any accrued but unpaid tax liabilities.

10.    The Liquidating Trust filed fifteen (15) Preference Actions seeking to avoid and recover gross transfers in the amount of $4.088 million, which amount was actually lower after certain duplicate transfers and transfers that ultimately lacked evidentiary support were eliminated.  The Liquidating Trust settled ten (10) of the Preference Actions.  Pursuant to the settlements, the Liquidating Trust recovered $276,623, and all of the settlements included waivers of Section 502(h) claims totaling $276,623 which the subject defendants would have otherwise been entitled to assert.  The Liquidating Trust obtained default judgments (the "Default Judgments") in four (4) of the Preference Actions.  The Default Judgments are in the gross amount of $232,682.07 and also resulted in the disallowance of the subject defendants' claims against the Debtor.  The Liquidating Trust dismissed the remaining Preference Action, because the subject defendant provided proof of a

complete defense.  All of the Preference Actions have been resolved and none are pending with the Court.

11.     The Liquidating Trust filed a Fraudulent Transfer Action against the City of Los Angeles alleging claims to avoid and recover alleged fraudulent transfers totaling $262,235.  The Fraudulent Transfer Action was settled in exchange for a payment of $95,000 by the City of Los Angeles to the Liquidating Trust.  Thereafter, the Fraudulent Transfer Action was dismissed.

12.     The Liquidating Trust sold its ruminant assets, including the Default Judgments to Oak Point Partners for $10,000.00.

13.     Below is a summary of the status of the claims scheduled and filed against the Debtor.  The Plan divides claims into five classes, Classes 1 through 5.  A sixth class consisting of the equity interests in the Debtor was established, however that class does not receive distributions under the Plan.

**SECURED CLASSES**

14.     The Plan includes three classes of secured claims: Class 2(a), consisting of the secured claim of Hercules Capital Inc. ("Hercules") based upon that certain Loan and Security Agreement dated November 6, 2015 between Hercules and the Debtor (the "Hercules Claim"); Class 2(b), consisting of the claim of Pacific Western Bank ("PWB") based upon the Letter of Credit Agreement, Pledge and Security Agreement attached to the proof of claim filed by PWB on January 31, 2017 (the "PWB Claim"); and Class 2(c), consisting of all other secured claims.

15.     Both the Hercules Claim and PWB Claim have been fully resolved.  On July 5, 2017, the Debtor, the Committee and Hercules entered into the *Stipulation Releasing A Portion Of Segregated Asset Sale Proceeds* [Dkt. 708], whereby the Debtor released $1,850,000 of funds in full satisfaction of the Hercules Claim.

16.     The PWB Claim has also been resolved.  Pursuant to the Court's *Order Granting Relief from the Automatic Stay* [Dkt. 737], PWB liquidated its collateral consisting of three money market accounts that secured the Debtor's reimbursement obligations arising under three standby letters of credit issued by PWB in which the Debtor's former landlords were beneficiaries.

17.    With respect to Class 2(c) consisting of other secured claims, three other claimants filed proofs of claims seeking secured status—(a) Emory Park, Inc. (Claim No. 97); (b) Lovely Planet US LLC (Claim No. 171); and (c) Scotch and Soda Export B.V. (Claim No. 175).   On December 15, 2017, the Liquidating Trust filed an omnibus objection seeking to reclassify these claims as general unsecured claims.  On February 8, 2018, the Court entered its order [Dkt. 1109] sustaining the foregoing objection and reclassifying the foregoing claims as general unsecured claims.

18.  All allowed secured claims have been paid in full.

**ADMINISTRATIVE CLAIMS**

19.    Six professionals were appointed or employed to represent the Debtor's estate and the Committee.  Pursuant to the Plan, October 17, 2017 was the deadline for professionals to file their final applications for awards of fees and expenses.  On October 20, 2017, the Court entered its order [Dkt. 915] approving those final fee applications.   Pursuant to the Court's order, the Liquidating Trust paid allowed professional fees and expenses as follows:

| Professional | Amount Paid by Liquidating Trust | Date Paid |
|---|---|---|
| Robins Kaplan LLP | $801,578.46 | October 26, 2017 |
| Peter J Solomon Company | $11,834.98 | October 26, 2017 |
| Province Inc. | $37,960.86 | November 16, 2017 |
| Levene, Neale, Bender, Yoo & Brill LLP | $260,478.83 | October 31, 2017 |
| B. Riley & Co. | $6,290.00 | October 31, 2017 |

20.    While the Liquidating Trust incurred and paid fees and expenses incurred by the Liquidating Trust after the Effective Date and will pay any fees and expenses owed by the Liquidating Trust before making a final distribution on allowed general unsecured claims, all allowed administrative claims have been paid in full.

**PRIORITY CLAIMS**

21.     After the Effective Date, the Liquidating Trust objected to several priority claims filed against the Debtor's bankruptcy estate and paid all allowed priority claims in full.

22.     The Liquidating Trust obtained orders disallowing the priority status of the following claims:

| Claimant | Claim No. | Order Entered |
|---|---|---|
| Jason Landis | 118 | December 27, 2017 (Docket No. 1005) |
| Ruijing Sewing Company Co., Ltd. | 340 | December 27, 2017 (Docket No. 1004) |
| Jacqueline Pak | 348 | December 27, 2017 (Docket No. 1003) |
| Factor Model Management LA Inc. | 95 | November 7, 2017 (Docket No. 929) |
| Model Two Management | 113 | November 7, 2017 (Docket No. 928) |
| The Morales Group, Inc. | 326 | November 7, 2017 (Docket No. 927) |
| Six K Management Productions | 74 | November 7, 2017 (Docket No. 926) |
| The Workshop LA, LLC | 130 | November 7, 2017 (Docket No. 925) |
| Cape Robbin | 31 | February 7, 2018 (Docket No. 1105) |
| State Board of Equalization | 310 | February 7, 2018 (Docket No. 1105) |
| 523 West 6th Street Property Owner LLC | 328 | February 26, 2018 (Docket No. 1131) (reducing the priority claim asserted by Claimant from $62,978.00 to $9,144.75) |
| State of Ohio | 344 | March 29, 2018 (Docket No. 1164) (reducing the priority claim asserted by Claimant from $84,720.00 to $8,200.00. |

23.     The Liquidating Trust has paid the following priority claims, which constitute all known allowed priority claims, in full:

| Claimant | Claim No. | Amount Paid |
|---|---|---|
| 523 West 6th Street Property Owner LLC | 328 | $106,594.32 |
| 8115 Melrose, LLC | 327 | $22,500.54 |
| Andari Fashion, Inc. | 273 | $10,879.07 |
| Bardot Pty Ltd | 358 | $38,647.72 |
| CRG Financial LLC | 306 | $1,441.77 |
| CRG Financial LLC | 307 | $6,560.12 |

| Claimant | Claim No. | Amount Paid |
|---|---|---|
| CRG Financial LLC | 308 | $12,459.10 |
| Current Air Clothing, Inc. | 258 | $9,109.00 |
| Decade Productions, LLC | 183 | $10,275.25 |
| Fair Harbor Capital, LLC | 290 | $9,330.00 |
| Fair Harbor Capital, LLC | 291 | $42,756.78 |
| Fair Harbor Capital, LLC | 53 | $14,450.00 |
| Google Inc. | 242 | $33,610.73 |
| Olivaceous | 8 | $35,089.00 |
| Salesforce.com, Inc. | 292 | $38,262.44 |
| Stiu S.r.l. | 330 | $47,479.56 |
| Argo Partners (as assignee of Ark & Co.) | 232 | $7,650.00 |
| Argo Partners (as assignee of Few Moda) | 32 | $28,307.00 |
| Argo Partners (as assignee of CMS Associates Pvt Ltd) | 364 | $45,921.44 |
| Argo Partners (as assignee of Colonial Tag) | 192 | $22,000.00 |
| Argo Partners (as assignee for Purple & Me, Inc.) | 13 | $37,220.40 |
| Argo Partners (as assignee for Very J) | 37 | $8,537.72 |
| Center for Environmental Health | 316 | $35,000.00 |
| State of Ohio | 344 | $8,200.00 |
| Current Air Clothing, Inc. | 258 | $9,109.00 |
| JC Dossier, Inc. | 302 | $60,162.00 |
| Yahoo Holdings, Inc. | 272 | $2,901.56 |
| Diamond Polk | 216 | $989.25 |
| Aaron Battista | 288 | $7,330.92 |
| Argo Partners as assignee of Solemio | 233 | $9,949.50 |
| Creditors Adjustment Bureau | 1163 | $16,672.55 |
| Franchise Tax Board (BK Section) | 359 | $829.37 |
| KPN Apparel, LLC | 86 | $18,579.00 |
| Nes Group | 271 | $3,419.00 |
| Rare Fashion Ltd. | 295 | $14,075.35 |
| Rosenthal & Rosenthal, Inc. | 235 | $7,076.00 |
| Commonwealth of Kentucky Dept. of Revenue | 35 | $58,410.16 |
| Robert Ross | 222 | $11,554.05 |

## GENERAL UNSECURED CLAIMS

24.     Class 3 of the Plan consists of the claims of general unsecured creditors.  Under the Plan, each holder of an allowed general unsecured claim shall receive a pro rata share of distributions of available cash.  On December 15, 2017, the Liquidating Trust filed Claim Objections to several unsecured claims under section 502(b)(1) of the Bankruptcy Code, and

1  obtained an order sustaining substantially all of the Liquidating Trust's Claim Objections [*see* Dkt.

2  1131] (the "Claim Objections").  All Claim Objections have been resolved.

3      25.    As set forth in the waterfall attached hereto as **Exhibit "1"** and the chart showing

4  allowed general unsecured claims attached hereto as **Exhibit "2,"** after accounting for (a) all

5  recoveries by the Liquidating Trust, (b) all payments of the allowed secured, administrative, and

6  priority claims set forth above, and (c) projected final payments for accrued and outstanding

7  obligations of the Liquidating Trust, the Liquidating Trust expects to have approximately $2.060

8  million in funds to make a distribution on $19,919,198.83 in allowed general unsecured claims (the

9  "Final Distribution").  The foregoing will result in a projected 10.3% pro rata distribution on

10  allowed general unsecured claims.

11      26.    Subject to Court approval, and as allowed by the Bankruptcy Code, the Bankruptcy

12  Rules, and the confirmed Plan, the Debtor intends to make the Final Distribution after the Court

13  enters a final decree closing the Debtor's case, because that will allow the Liquidating Trust to save

14  approximately $20,000 in quarterly fees and increase the Final Distribution by a corresponding

15  amount.

16      27.    Pursuant to an application and order of the Court [Dkts. 17 and 131], Omni Agent

17  Solutions (fka Omni Management Group) ("Omni") was employed as the Debtor's noticing,

18  claims, and balloting agent.

19      28.    The order [Dkt. 780] confirming the Plan was entered on August 1, 2017, was not

20  appealed, and has been final for over two years.

21      29.    The Liquidating Trust has recovered all funds to be distributed under the Plan.

22      30.    As discussed above, pursuant to the Plan, on the Effective Date of the Plan, all of

23  the Debtor's assets were transferred to the Liquidating Trust.  Other than the foregoing transfer to

24  the Liquidating Trust, the Plan does not contemplate or require any other transfers of property

25      31.    The Debtor ceased business operations before the Effective Date of the Plan.  After

26  the Effective Date of the Plan, all of the Debtor's assets were transferred to the Liquidating Trust

27  and, thereafter, the Trustee assumed responsibility for the management of such assets.  As noted,

28

all of the assets have been reduced to cash and the Liquidating Trust is now in a position to make the Final Distribution on allowed general unsecured claims.

32.    As discussed above, all allowed secured, administrative, and priority claims were paid in full.  All fees and expenses incurred by the Liquidating Trust have been or will be paid in full.  Thereafter, the Liquidating Trust will make the Final Distribution on allowed general unsecured claims.  As noted herein, the Liquidating Trust is seeking to do that after the entry of a final decree closing the case, because (1) that is allowed by the Bankruptcy Code, the Bankruptcy Rules, and under the conformed Plan and (2) doing so will that will allow the Liquidating Trust to save approximately $20,000 in quarterly fees and increase the Final Distribution by a corresponding amount, which will benefit the holders of allowed general unsecured claims.

33.    Other than the instant Motion, all motions, contested matters, and adversary proceedings have been finally resolved and none are pending with the Court.

34.    Based on the foregoing, I am informed and believe that the Debtor's chapter 11 case had been fully administered, and the Court should enter a final decree closing the Debtors' chapter 11 case.

35.    Upon entry of an order granting the instant Motion and entering a final decree closing the Debtor's bankruptcy case, the Debtor and the Liquidating Trust will no longer require services from Omni.

I declare under penalty of perjury that the foregoing is true and correct.  Executed this 6th day of April 2020 at Los Angeles, California.

Amanda Demby

# EXHIBIT "1"

**PROVINCE**

*Draft - Subject to Change*

**NG DIP Liquidating Trust**
**Waterfall as of 04/06/2020**

| Waterfall Summary | |
|---|---:|
| **Cash in $** | |
| Current Cash on Hand | 2,175,754 |
| | |
| Legal- Robins Kaplan LLP | (5,000) |
| Legal- Levene, Neale, Bender, Yoo & Brill LLP | (11,000) |
| Claims Agent- Omni Management Group, Inc. | (5,000) |
| Trustee- Province | (82,500) |
| UST Fees | (1,950) |
| Cushion | (10,000) |
| **Total** | **(115,450)** |
| **Net Cash for Distribution** | **2,060,304** |
| | |
| General Unsecured Claims (250) | 19,919,199 |
| | |
| **Recovery %** | **10.3%** |

# EXHIBIT "2"

| Creditor | Address | Address | Address | Address | Current Amount Owed GUC |
|---|---|---|---|---|---|
| 7 Model Management | 421 Hudson Street | New York, NY 10013-2428 | | | $57,481.58 |
| 7 August Apparel Inc | dba Endless Rose, English Factory and After Market | c/o Kevin H. Jang, A Law Corporation | Attn: Kevin H. Jang | 3435 Wilshire Blvd., Suite #2900 Los Angeles, CA 90010 | $57,845.36 |
| 523 World Wide Street Perez Owner LLC | c/o Allen Matkins, et al | Attn: Michael S. Greger, Esq. | 1900 Main Street, Fifth Floor Irvine, CA 92614-7321 | | $1,564,662.22 |
| 815 Stanford Perez Inc | 835 Wilshire Blvd. | | | | $42,448.54 |
| 820077 Canada, Inc. | 9400 Henri Bourassa W | Montreal, QC H4S 1L3 | Canada | | $6,860.00 |
| A La Mode Clothing, Top Ch | 1015 Crocker St, C3 | Los Angeles, CA 90021 | | | $11,599.90 |
| Aaron Beaureard | 440 7th St Ave | Santa Monica, CA 90402 | | | $175.00 |
| Adak Appeal Inc. dba A Pie | Attn: Vanessa Ades | 7600 Henri Bourassa W | Montreal, QC H4S 1L3 | Canada | $6,860.00 |
| Adam Abrams | 448 7th Street | Pasadena, CA 91030-1408 | | | $1,965.64 |
| Aetna Inc Alc | P.O. Box 31001-1408 | Chicago, IL 60695 | | | $175.00 |
| Akash Impex | Attn: Manoj Hira Motwani | 24 Highland, Flat Hill, Bandra | Mumbai, MA 400050 | India | $10,911.20 |
| Angela Hebron | P.O. Box 4484 | Crestline, CA 92325 | | | $875.00 |
| Angela Stanford and Mark Richards | 3331 Barham Ave #115 | Glendale, CA 91200 | | | $2,100.00 |
| Argo Partners | Attn: Mathew V. Brunick, CFA | Re: AWC C Corporation | 12 W 37th St., 9th Floor New York, NY 10018 | | $162,673.76 |
| Argo Partners | Attn: Mathew V. Brunick, CFA | Re: A.J. Morgan | 12 W 37th St., 9th Floor New York, NY 10018 | | $30,926.00 |
| Argo Partners as assignee of Ark and Co. | Attn: Lauren Verna | 12 West 37th Street, 9th Floor | New York, NY 10018 | | $30,264.60 |
| Argo Partners as assignee of Clear | Attn: Lauren Verna | 12 West 37th Street, 9th Floor | New York, NY 10018 | | $8,874.00 |
| Argo Partners as assignee of Ever Moda Inc. | Attn: Lauren Verna | 12 West 37th Street, 9th Floor | New York, NY 10018 | | $32,960.00 |
| ARROW CONTAINER | AITN: JENIFER L. WOODS | 5341 COMMERCE SQUARE DR INDIANAPOLIS, IN 46237 | | | $3,600.00 |
| ASM Capital | Attn: Adam Moskovitz | Re: Jakitmac | 7689 Jericho Turnpike, #302 Woodbury, NY 11797 | | $2,690.00 |
| ASM Capital V, L.P | Attn: Adam Moskovitz | Re: DJ Factory Co | 7689 Jericho Turnpike, #302 Woodbury, NY 11797 | | $13,131.45 |
| ASM Capital V, L.P | Attn: Adam Moskovitz | 7689 Jericho Turnpike, Suite 102 | Woodbury, NY 11797 | | $13,131.62 |
| ASM Capital V L P | Attn: Adam Moskovitz & Associates | 7689 Jericho Turnpike, Suite 102 | Woodbury, NY 11797 | | $10,103.84 |
| Astra Accessories Corporation | 949 Crocker St | Los Angeles, CA 90021 | | | $13,100.00 |
| Audrey Brand | Attn: Jennifer McMillan | P.O. Box 364 | North Fork, CA 93643 | | $3,400.00 |
| Backia Pty Ltd | Attn: Luke Bauld | 63 Victoria Crescent | Abbotsford, VIC 3067 Australia | | $179,022.12 |
| Bareal Gumlucor | Attn: Spy Solutions Solutions Pty Ltd | 4/23 Scotch Hill Road | East Skrinfisk, NY 11733 | | $593,710.00 |
| ARROW CONTAINER | AITN: JENIFER L. WOODS | 5341 COMMERCE SQUARE DR INDIANAPOLIS, IN 46237 | | | $593,710.00 |
| Bestseller Wholesale US LLC | PO Box 1223 | Marcus, VA 24314 | | | $8,290.00 |
| Bjorn Indecents | The Meadows | 223 Rte 17 North Ste 402 | Rutherford, NJ 07070 | | $4,416.00 |
| Blanc | Attn: Joseph Lee | 110 E Commercial Marketplaces | Los Angeles, CA 90021 | | $4,416.00 |
| Blanc Inc | Attn: Joseph Lee | 110 E Crocker St #451 | Use #617 | | $85,252.00 |
| Bradford Capital Holdings, LP | Attn: Brian Brager | Re: Lovely Day Fashion | PO Box 4353 Clifton, NJ 07012 | | $15,643.64 |
| Bradford Capital Holdings, LP | Attn: Brian Brager | Re: Lovely Day Fashion | PO Box 4353 Clifton, NJ 07012 | | $15,730.10 |
| Bradford Capital Holdings, LP | Attn: Brian Brager | Re: Slochows Ltd | PO Box 4353 Clifton, NJ 07012 | | $118,350.00 |
| Bradford Capital Holdings, LP | Attn: Brian Brager | Re: Mob Warehouse LLC | PO Box 4353 Clifton, NJ 07012 | | $107,657.93 |
| Bradford Capital Holdings, LP | Attn: Brian Brager | Re: Jimmy Park Inc | PO Box 4353 Clifton, NJ 07012 | | $107,657.93 |
| Bradford Capital Holdings, LP | Attn: Brian Brager | Re: Fantas-Eyes | PO Box 4353 Clifton, NJ 07012 | | $26,795.55 |
| Bristols Six, Inc. | Attn: Danielle N. Beck | 2320 Abbot Kinney Blvd, Suite B | Venice, CA 90291 | | $17,412.25 |
| Calibrated Group | 3433 Pacific Ave | Los Angeles, CA 90007 | | | $526,674.40 |
| GS Enterprises, Inc. | Attn: Peter Boutique | 3485 S. La Cienega Blvd. | Los Angeles, CA 90016 | | $25,674.40 |
| Can Lisa, LLC | Attn: Robert Kalian | 818 S. Broadway, 6th Floor | Los Angeles, CA 90014 | | $59,859.00 |
| Gallus Corporation | PO Box 61025 | Garden Grove, CA 92846-1025 | | | $178,909.97 |
| Casas Corporation | PO Box 401025 | Cincinnati, OH 45250-1025 | | | $5,088.40 |
| Cebonak, N.A. Hong Kong Branch | Attn: Victor Ng | 99 Park Avenue | New York, NY 90060 | 83 Hoi Bun Road, Kwun Tong Kowloon, Hong Kong | $599,570.00 |
| Citizens Of Humanity | Milborg Partners Of California | 5653 Grande Ave LLC | 201 Hope Street C | Santa Monica, CA 90401 | $50,040.95 |
| Citizens Of Humanity | Water & Stever | Water & Stever | 1717 4th Street | Santa Monica, CA 90401 | $50,040.95 |
| City Of Santa Monica | c/o Storrod Vintage Studio | 1717 4th Street | Santa Monica, CA 90401 | | $495.55 |
| Clare Foster | 898 Shadowell Lane | London, E8 3JB England | | | $1,186.82 |
| Claudia Cuomo | Frosz, C. Coliseo | 825 Third Ave, Suite 259 | New York, NY 10022 | | $2,500.00 |
| ComfortEd GMBH | Attn: Sascha Kostecke | 12-14 Hexerstrasse | Berlin, 10999 Germany | | $5,900.00 |
| ContentEd Goth | Borders, 1234 | Berlin, 10999 Germany | | | $2,144.36 |
| ConteFull Foods, LLC | Attn: Alisa Henry | Re: Shirli's Brooklyn | 41 W Putnam Ave, #425 Greenwich, CT 06830 | | $67,847.00 |
| Craig Flechbart | 2400 Corinth Avenue Apt. 14 | Los Angeles, CA 90064 | | | $56,435.00 |
| Creation Adjustment Bureau assignee of Shanghai Silk Group | c/o China Export & Credit Inc | 100 Walnut Street, #B | New York, NY 10026 | | $73,227.45 |
| CRG Financial LLC As Assignee of Duplicate Sales Service | 401 Elm Dr | Crestkill, NJ 07626 | | | $17,693.20 |
| CRG Financial LLC As Assignee of Loveed/Dutalhar | 831 East Broadway | Louisville, KY 40204 | | | $39,586.12 |
| Danielle Ribner | 298 Clinton Ave., #E1 | Brooklyn, NY 11205 | | | $11,440.00 |
| Danny Splan | 411 S South University Blvd | Pomona, CA 91768 | | | $520.00 |
| Debra Kempney | 3976 Southern Avenue | Cincinnati, OH 45227 | | | $581.16 |
| Design Asylum Manufacturing (Hong Kong) Limited | Attn: Kelvin Ip | Rm 1710, Cornwall Plaza | 12 Cheung Yue St. Cheung Sha Wan Hong Kong | | $2,826.00 |
| Dianne Dodd | 462 Raymond St | Campton, CA 92320 | | | $270.00 |
| Donald Pliner LLC | 400 Skokie Rd | Attn: Carol Lewis | 324 Pleasant Ave, #4E La Jolla, CA 92037 | | $2,230.00 |
| Downey Health Service | Attn: Leah Friedland | 5632 La Jolla Blvd | La Jolla, CA 92037 | | $170.00 |
| Duplicate Sales Service | 831 East Broadway | Louisville, KY 40204 | | | $564.00 |
| EdgedWear USA | 1801 Eunak | Attn: Jin Kim (Ram Kim) | | | $57,322.50 |
| Eleterina Lobadunova | 926 2nd St, #202 | Santa Monica, CA 90403 | | | $55,720.00 |
| EKSS Inc | DHA American Recycled Clothing | 1960 W. 139th Street | Irvine, CA 90249 | | $58,870.54 |

| Name | Attn / c/o | Address | City State Zip | Amount |
|---|---|---|---|---|
| Exclusive Artists Management | | 7700 Sunset Blvd | Los Angeles, CA 90046 | $6,696.00 |
| Fair Harbor Capital LLC | Attn: Victor Frankel Kron | PO Box 237037 | New York, NY 10023 | $103,670.91 |
| Fair Harbor Capital LLC, as assignee of Metro Models LLC | Attn: Victor Frankel Kron | PO Box 237037 | New York, NY 10023 | $1,022.57 |
| Fair Harbor Capital LLC | as assignee of E3 Clothing dba Love + Harmony | PO Box 237037 | New York, NY 10023 | $3,051.40.00 |
| Fair Harbor Capital LLC | Attn: Victor Frankel Kron | PO Box 237037 | New York, NY 10023 | $90,047.12 |
| Fair Harbor Capital LLC | Attn: Fredric Glass | Re: DGFF Collections Inc. | Ansonia Finance Station | $1,145.00 |
| Fair Harbor Capital LLC | P.O. Box 716 | Re: Merchandise Inc. | Ansonia Finance Station | $1,100.00 |
| Form UK & West LLP | 801 Second Street | Cape May Ct House, NJ 08210 | | $73,199.20 |
| Forti, Inc., dba Forti Accessories | | 1015 Crocker Street, Suite 022 | Los Angeles, CA 90021 | $202,711.12 |
| General Data Co | P.O. Box 668558 | | Cincinnati, OH 45266-8558 | $46,191.23 |
| Glogg | Attn: Fredric Glass | Re: Six Crisp Days, Inc. | Ansonia Finance Station | $26,191.21 |
| Glogg | 11390 World Olympic Blvd | | Los Angeles, CA 90064 | $4,282.15 |
| Goode Partners LLC | c/o Whitman Weisman | Suite 400 | New York, NY 10036-6534 | $6,252.32 |
| Grey City, LLC | Attn: Kyle Grant | 817 Lucerne Ave. | Scottsdale, AZ 85250 | $517.00 |
| House of Zhivago Pvt Ltd | c/o Andre A. Khatami, Esq. | Klausen Law Corp, APC | 11843 W. Olympic Blvd., Ste 1000 | $105,824.12 |
| Holmes | Attn: Fredric Glass | Pompano Beach FL 1-7846-0780 | | $800.00 |
| House Brand USA LLC | Attn: Cheryl Robbins | 57 West 57th St. | New York, NY 10019 | $310,286.99 |
| Hyer LLC | P.O Box 668558 | North Broad Street, Suite 100 | Woodbury, NJ 08096 | $90,683.27 |
| Hybris (U.S.) Corporation | 45 Fremont St | | San Francisco, CA 94105 | $14,598.40 |
| Ideal East LLC | Attn: Jibril Andrew J. Salguer | 5909 Wilshire Blvd., Suite 26070 | | $1,996.60 |
| Inng Models, Inc. | Penthouse North | 304 Park Ave South | New York, NY 10010 | $19,389.40 |
| Inng Models, Inc. | Attn: Jane McDermull | 117 East 24th Street | New York, NY 10010 | $18,789.40 |
| Indkink Corp. | Attn: Ingrid Christopher | 128 Anderson Dr., Ste A-C | San Rafael, CA 94901 | $720.00 |
| Instant Logic, Inc. | Attn: Werner Schrock | 450 Lambert Street | Palo Alto, CA 94306 | $10,877.00 |
| Invest Securities, Inc. | | 31 W 34th Street | New York, NY 10001 | $32,520.70 |
| JC Penny Inc | 41 Madison Avenue 12TH FL | | New York, NY 10010 | $448.80 |
| JC Dresser | Attn: Daniel Goodwear | 833 Lenson St. | | $312,70.00 |
| Jelly | 1390 S El Camino Real | Suite 400 | San Mateo, CA 94402 | $10,266.50 |
| Kali Stephson Consulting | 100 Crosby St | Suite 520 | New York, NY 10012 | $480.00 |
| Kari Macone | 235 Madison Avenue | | New York, NY 10016 | $9,743.28 |
| Kent Stevens Handbags | | 1005 Main St. #R24 | Pawtucket, RI 02860 | $7,555.00 |
| Kentucky Department of Revenue | Legal Support Branch | P.O Box 5222 | Frankfort, KY 40602 | $11,869.91 |
| Kief Mead | c/o American Designs Club LLC | 275 Greenland Drive | Louisville, KY 40299 | $11,330.90 |
| Kief Mead | | PO Box 5222 | Frankfort, KY 40602 | $93,759.27 |
| KZ Parking LLC | Attn: Gerald Mahdo | 613 Flushing Ave | | $5,000.00 |
| LE McEwin, Inc. | Attn: Michael V Vanguardin Kye | 3055 Fremont Ave | Los Angeles, CA 90025 | $5,000.00 |
| Legg Chidding, Inc. | 1900 E. Olympic Blvd. | Vernon, CA 90058 | | $379,120.97 |
| Les Modes How Intl. | Attn: Drama Desgot | 6595 Saint-Urbain | Montreal, QB H2S 3G6 | $42,701.08 |
| Les Grisous & Co | Attn: Jean McDurmaid | 112 N. Kenne Ave South | Eugene, OR 97408 | $43,220.17 |
| Liquidity Solutions, Inc | Re: East Ltd. LLC | | | $564,666.69 |
| Liquidity Solutions, Inc. | Attn: Jeffrey Caress | One University Plaza, Suite 312 | Hackensack, NJ 07601 | $13,503.87 |
| Liquidity Solutions, Inc. | Re: Remnant LLC | One University Plaza, Suite 312 | Hackensack, NJ 07601 | $97,761.40 |
| Liquidity Solutions, Inc. | Re: East Limit Company | One University Plaza, Suite 312 | Hackensack, NJ 07601 | $22,245.20 |
| Liquidity Solutions, Inc. | Re: Affordable Luxury Group | One University Plaza, Suite 312 | Hackensack, NJ 07601 | $16,503.10 |
| Liquidity Solutions, Inc. | Re: Womens MODY Corp. | One University Plaza, Suite 312 | Hackensack, NJ 07601 | $16,000.00 |
| Liquidity Solutions, Inc. | Re: Leatherock International Inc. | One University Plaza, Suite 312 | Hackensack, NJ 07601 | $14,946.90 |
| Liquidity Solutions, Inc. | Attn: Jeffrey Caress | One University Plaza | State 312 | $7,075.00 |
| Liquidity Solutions, Inc. | Re: Goldie London | One University Plaza | State 312 | $7,000.42 |
| Liquidity Solutions, Inc. | Re: RightHouse Accessories | One University Plaza, State 312 | Hackensack, NJ 07601 | $6,270.00 |
| Liquidity Solutions, Inc. | Re: Share Expo, Inc. | One University Plaza, Suite 312 | Hackensack, NJ 07601 | $184,260.05 |
| LiveLife Fashions Inc | Attn: Shea Suthington | 850 S Broadway Ste 950 | Los Angeles, CA 90014 | $52,273.47 |
| Louisville Water Company | 559 South Third St | Louisville, KY 40202-1839 | | $1,675.78 |
| Love Steak | 1100 S Santa Fe BT S | Los Angeles, CA 90015 | | $4,750.36 |
| Luxely Products LLC | | 323 Grand Street | New York, NY 10002 | $20,305.32 |
| Lucard Product | 5513 Daniels Street | Chino, CA 9170 | | $551.25 |
| Lucy Paris | c/o Jong K Yum, LLP | Attn: Clifford P. Jung | 888 S. Figueroa Street, Suite 720 | $59,099.40 |
| Makers of Dreams Clothing Incorporated | 1015 S. Crocker St, #S15 | | Los Angeles, CA 90021 | $47,421.00 |
| Mandao Overseas | No. 47 Personal Nagar, 2nd St., Nunganallur | | Chennai 600 061 60006 | $14,919.42 |
| Mantra's Sterling | Attn: Murad Hassan Subramanian | 4270 13 Street | India | $5,325.15 |
| Matson | 1093 Chevadian Dr. | Pasadena, CA 91105 | | $15,102.01 |
| Martino Pest & Abjevo, LLP | Attn: Christopher L. Panarese | 1003 St. Debra St. #F | El Segundo, CA 90245 | $13,645.86 |
| Matisse Footwear Inc | Attn: Michael S. Kaz | 1830 V Cavaras Blvd., Ste 615 | Encino, CA 91436 | $43,570.79 |
| Mediagate Factors, LLC | c/o Global North America Insurance Company | 1550 E Franklin Ave | San Ramon, CA 94583 | $10,010.44 |
| Merak Corporation | Attn: Sherry Lee | One Cross Corporate Place #300 | Princeton, NJ 08450 | $575.00 |
| Michael Silberring & Knipp, LLP | Attn: Amy Schmidt | 2000 Crow Canyon Place #300 | San Ramon, CA 94583 | $9,790.65 |
| Miv | 225 West 35th Street | New York, NY 10001 | | $65.60 |
| Model Two Management, LLC | Attn: Louise Booher | 8000 Sunset Blvd., Suite #A200 | Los Angeles, CA 90046 | $15,776.93 |
| Models Guru, Inc. | Attn: Chris McKinley | 4270 13 Street | Los Angeles, CA 90046 | $33,235.00 |
| Models Group, Inc. | c/o Bose McKinney & Evans LLP | Attn: David Jankowski | 111 Monument Circle, Suite 2700 | $34,760.70 |
| Nexxus Resources, LLC | c/o Jeff Cooke | 12708 Dupont Circle | Tampa, FL 33626 | $36,213.84 |
| NEW BALANCE ATHLETICS INC | ATTN: KENNETH FARNHAM | 100 GUEST STREET | BOSTON, MA 02135-2088 | $15,561.45 |

| | | | | | | |
|---|---|---|---|---|---|---|
| New Merit Apparel Inc. | Attn: Yi Zhou | 782 E. 12th Street | Los Angeles, CA 90021 | | | $5,362.56 |
| Nicole Herman | Simon-Dach-Str. 14 | Berlin 10245 | Germany | | | $5,386.62 |
| Noir Jewelry, LLC | c/o Coface North America Insurance Company | Attn: Amy Schmidt | 650 College Road East, Suite 2005 | Princeton, NJ 08450 | | $16,379.25 |
| Office Depot | Attn: David Plourde | 6600 N. Military Trail - S413G | Boca Raton, FL 33496 | | | $3,825.91 |
| Ogletree, Deakins, Nash, Smoak & Stewart, P.C. | Attn: Monty Davidson | 50 International Dr., Ste 200 | Greenville, SC 29615 | | | $41,251.51 |
| Olivaceous | c/o Kevin H. Jang, A Law Corporation | Attn: Kevin H. Jang | 3435 Wilshire Blvd. Suite #2300 | Los Angeles, CA 90010 | | $364,862.50 |
| Open House Living, Inc. | dba He Said, She Said | Attn: Valerie Safran | 107 S. 13th Street | Philadelphia, PA 19107 | | $6,000.00 |
| Ouroboros Designs | Attn: Tara Renee Klingenstein | 28335 Esplanada Dr. | Valencia, CA 91354 | | | $1,332.00 |
| Overhead Door Company of Louisville | Attn: Lisa Abby Palmer | P.O.Box 2347 | Louisville, KY 40201 | | | $3,738.82 |
| People 2.0 Global, LLC | Attn: Christopher R. Simon | 222 Valley Creek Blvd., Suite 100 | Exton, PA 19341 | | | $28,530.59 |
| Petals And Peacocks | 19400 Forest Place | Castro Valley, CA 94546 | | | | $19,408.04 |
| Pink Pleasure, Inc. dba Cotton Candy | Attn: Eung Jin Kim | 735 E. 12th Street #103 | Los Angeles, CA 90021 | | | $182,433.70 |
| Pistola/Eunina | 3398 Leonis Blvd | Vernon, CA 90058 | | | | $10,089.99 |
| Premier Packaging, LLC | Attn: Rick W. Rightor | 3900 Produce Road | Louisville, KY 40218 | | | $45,091.06 |
| Presto-X | P.O. Box 13848 | Reading, PA 19612-3848 | | | | $160.00 |
| Private Party LLC | Attn: Patrick Michael Monahan | 1115 N Norman Place | Los Angeles, CA 90049 | | | $84,709.24 |
| Prologis NA2 RPP Kentucky LLC | c/o Drinker Biddle & Reath | Attn: Marita Erbeck, Esq. | 600 Campus Dr. | Florham Park, NJ 07932 | | $2,567,702.06 |
| Prologis NA2 RPP Kentucky LLC | c/o Drinker Biddle & Reath | Attn: Marita Erbeck, Esq. | 600 Campus Drive | Florham Park, NJ 07932 | | $60,052.03 |
| Puma North America, Inc. | Attn: Mark Joseph Senter | 10 Lybert Way | Westford, MA 01886 | | | $79,573.80 |
| Quay Eyewear Inc. | Attn: Anh Duong | 821 Howard Street | San Francisco, CA 94103 | | | $90,953.00 |
| RBS Invoice Finance | Attn: Sarah Harvey | Smith House, PO Box 50, Elmwood Ave. | Feltham, Middlesex, TW13 7QD | England | | $87,483.44 |
| Ready Refresh By Nestle | P.O. Box 856158 | Louisville, KY 40285-6158 | | | | $413.85 |
| Rene Rofe | 31 West 34Th Street, 9Th Floor | New York, NY 10001 | | | | $11,158.65 |
| Report Footwear, Inc. | Attn: Bryan Rowson | 13150 SE 32nd Street | Bellevue, WA 98005 | | | $17,100.00 |
| Robert Half Technologyacc | P.O. Box 743295 | Los Angeles, CA 90074-3295 | | | | $5,281.75 |
| Robert Ross | | 23 Lexington Court | Mount Laurel, NJ 08054 | | | $222,150.00 |
| Rosenthal & Rosenthal, Inc | Attn: Anthony DiTirro | 1370 Broadway | New York, NY 10018 | | | $1,315.00 |
| Ruijing Sewing Products Co Ltd | c/o Brown & Joseph | Attn: Don Leviton | PO Box 59838 | Schaumburg, IL 60159 | | $3,200.00 |
| Ruijing Sewing Products Co. LTD | Attn: Cyril Chen | #177 South Shuangxian Road | Jiangdu, Jiangsu 225200 | China | | $2,768.79 |
| Rumpke 4701041234 | P.O. Box 538710 | Cincinnati, OH 00042-5253 | | | | $1,187.90 |
| Rumpke4701032001 | 1101 W Oak Street | Louisville, KY 40210 | | | | $690.33 |
| Rustin and Mallory Wholesale Ltd | c/o Bibby Factory Ltd | Attn: Siouxsie Millard | 2nd Floor, Forest View, Chineham Park | Basingstoke, Hampshire RG24 8QZ | United Kingdom | $132,386.52 |
| Salesforce.com, Inc. | c/o Bialson, Bergen & Schwab | Attn: Lawrence Schwab / Kenneth Law | 633 Menlo Avenue, Suite 100 | Menlo Park, CA 94025 | | $342,765.10 |
| Samantha S. Goodman | 10940 Wilshire Blvd., Suite 1600 | Los Angeles, CA 90024 | | | | $6,230.00 |
| SAP America, Inc. | Attn: Julie F. Montgomery | 6 North Broad Street, Suite 100 | Woodbury, NJ 08096 | | | $25,622.83 |
| Sayuri Kodaira | #403, 2-22-18 Ebisu Shibuya-Ku | Tokyo, 150-0013 | Japan | | | $11,250.00 |
| Scotch & Soda Export B.V. | Postbus 369 | 2130 AJ Hoofddorp | Netherlands | | | $5,693.22 |
| SCP Venture Fund I, L.P. | c/o Cooley LLP | Attn: Robert L. Eisenbach III | 101 California St, 5th Floor | San Francisco, CA 94111 | | $5,132,602.73 |
| Selectra Industries Corp. | Attn: John Neman | 5166 Alcoa Ave | Vernon, CA 90058 | | | $9,741.05 |
| SFF, Inc | Attn: Todd Prather | 217 Cedar St. #64 | Sandpoint, ID 83864 | | | $805.60 |
| SHEREE WATERSON | 399 Fremont St. #2701 | San Francisco, CA 94105 | | | | $511,538.46 |
| Shibro LLC dba Jan-Pro of the West | c/o Jan-Pro | Attn: Ted J. Bro | 3550 Wilshire Blvd #510 | Los Angeles, CA 90010 | | $2,034.00 |
| Shred-It USA LLC | Attn: Faseeh Ahmad | 7734 S. 133rd St. | Omaha, NE 68138 | | | $793.78 |
| Signature 8 | Attn: Paul Yun | 1004 Crocker Street | Los Angeles, CA 90021 | | | $41,934.25 |
| Sina Bakhtiari | 12024 Lucile St | Culver City, CA 90230 | | | | $2,834.61 |
| Southpaw Vintage Inc | c/o Jeffrey Pattie | 1716 Church st | Rahway, NJ 07065 | | | $8,346.00 |
| Stephan & Company Accessories LTD | Attn: Stephan Rubin | 251 W 19th Street, Apt. 1F | New York, NY 10011 | | | $64,103.49 |
| Stoned Immaculate Vintage, Inc | Attn: Alan Johnson | 137 N. Larchmont Blvd., Suite 227 | Los Angeles, CA 90004 | | | $6,602.00 |
| Streets Ahead, Inc. | Attn: David Sack | 5510 S. Soto St. Unit B | Vernon, CA 90058 | | | $7,398.00 |
| Sub-Urban, LLC | Attn: Jason M. Reed | 2441 Hunter St. Unit B | Los Angeles, CA 90021 | | | $8,674.96 |
| Sun Life Financial | P.O. Box 7247 0381 | Philadelphia, PA 19170-0381 | | | | $61.45 |
| Tannor Partners Credit Fund, LP | Attn: Robert Tannor | Re: The Hereafter, Inc. DBA Areaware | 3536 Los Pinos Drive | Santa Barbara, CA 93105 | | $5,743.65 |
| Tannor Partners Credit Fund, LP | Attn: Robert J. Tannor | Re: Diverse Staffing Inc. | 3536 Los Pinos Drive | Santa Barbara, CA 93105 | | $4,392.63 |
| Tannor Partners Credit Fund, LP | Attn: Robert Tannor | Re: CherrystoneIT, Inc. | 3536 Los Pinos Drive | Santa Barbara, CA 93105 | | $2,940.00 |
| Tealium, Inc. | Attn: Jerenette Teves | 11095 Torreyana Road | San Diego, CA 92121 | | | $2,357.14 |
| Tech Teez LLC | dba Top Knot Good | Attn: Natalie Chalmers | 1428 Calico Lane | Blacksburg, VA 24060 | | $5,340.00 |
| Texmont Design Ltd | 15 / F, Dan 6 | 6 Fui Yiu Kok Street | Tsuen Wan | Hong Kong | | $33,392.92 |
| The Fruit Guys | 409 Eccles Ave | South San Francisco, CA 94080 | | | | $207.00 |
| The RBS Invoice Finance Limited | Assignee: Jaded London Limited | Smith House PO Box 50 | Elmwood Ave., Feltham | Middlesex TW13 7QD | United Kingdom | $87,483.44 |
| Timex Garments (Pvt) Ltd. | c/o Randolph Volkell | 14 Woodland Terrace | Merrick, NY 11566 | | | $7,990.25 |
| Tomlinson Management Group, Inc | Attn: Kelly Pollack | 15760 Ventura Blvd., Suite 1920 | Encino, CA 91436 | | | $787.00 |
| Trans American | 50 Carol Street | Clifton, NJ 07014 | | | | $3,630.06 |
| TRC Master Fund LLC | Attn: Terrel Ross | Re: Epam Systems Inc. | PO Box 633 | Woodmere, NY 11598 | | $178,649.90 |
| TRC Master Fund LLC | Attn: Terrel Ross | Re: Sadie & Sage, Inc. | PO Box 633 | Woodmere, NY 11598 | | $94,011.58 |
| TRC Master Fund LLC | Attn: Terrel Ross | Re: Noveau Fabrics, Inc | PO Box 633 | Woodmere, NY 11598 | | $35,660.00 |
| TRC Master Fund LLC | Attn: Terrel Ross | Re: Fresh of LA | PO Box 633 | Woodmere, NY 11598 | | $33,031.73 |
| TRC Master Fund LLC | Attn: Terrel Ross | Re: Skivvies | PO Box 633 | Woodmere, NY 11598 | | $30,371.78 |
| TRC Master Fund LLC | Attn: Terrel Ross | Re: Wish For Falling Star | PO Box 633 | Woodmere, NY 11598 | | $29,236.68 |
| TRC Master Fund LLC | Attn: Terrel Ross | Re: Bring It Up, Inc. | PO Box 633 | Woodmere, NY 11598 | | $19,305.00 |
| TRC Master Fund LLC | Attn: Terrel Ross | Re: C&L Fashions and Designs | PO Box 633 | Woodmere, NY 11598 | | $16,399.37 |
| TRC Master Fund LLC | Attn: Terrel Ross | Re: NYLA | PO Box 633 | Woodmere, NY 11598 | | $14,245.20 |
| TRC Master Fund LLC | Attn: Terrel Ross | Re: Moon Collection | PO Box 633 | Woodmere, NY 11598 | | $11,713.94 |
| TRC Master Fund LLC as assignee of Bob & Bobby Inc | Attn: Terrel Ross | PO Box 633 | Woodmere, NY 11598 | | | $224,363.65 |
| TRC Master Fund, LLC | Attn: Terrel Ross | Re: H&D Accessories | PO Box 633 | Woodmere, NY 11598 | | $46,820.25 |
| Tyler Mountain Water Co. Inc. | Attn: Karen Dawn Minnich | 159 Harris Drive | Poca, WV 25159 | | | $988.78 |
| Uniq | 747 E 10Th St Unit 117 | Los Angeles, CA 90021 | | | | $1,787.52 |
| Unisource Worldwide A Veritiv Co. | c/o Veritiv Operating Co. | Attn: J. De Nardo | 850 N. Arlington Hts Rd. | Itasca, IL 60143 | | $12,282.87 |
| United Parcel Service, Inc. | c/o Bialson, Bergen & Schwab | Attn: Lawrence Schwab/ Kenneth Law | 633 Menlo Ave., Suite 100 | Menlo Park, CA 94025 | | $1,023,790.66 |
| UnitedHealthcare | Attn: Corrine A. Boesz | 185 Asylum Street - 03B | Hartford, CT 06103 | | | $21,055.85 |
| URGE Footwear | c/o Bergen Logistics | Attn: Nelis Perez | 5903 West Side Avenue | North Bergen, NJ 07047 | | $5,964.24 |
| Veriship | 10000 College Blvd | Ste 235 | Overland Park, KS 66210 | | | $1,775.77 |

| Name | Line 1 | Line 2 | Line 3 | Amount |
|---|---|---|---|---|
| Volterr, Inc. | 1366 S Flower Street | Los Angeles, CA 90015 | | $37,958.30 |
| Wells Fargo Bank N.A. | Wells Fargo Trade Capital Services, Inc. | Attn: Antoinette Huggins | 100 Park Avenue, 3rd Floor | New York, NY 10017 | $66,014.49 |
| Wells Fargo Vendor Financial Services | c/o Barbs Martin | 1010 Thomas Edison Blvd SW | Cedar Rapids, IA 52404 | $7,788.45 |
| Wells Fargo Vendor Financial Services, LLC | Attn: Jason Hofkens | 1010 Thomas Edison Blvd SW | Cedar Rapids, IA 52404 | $5,127.95 |
| Western Fashion, Inc. | Attn: Norm Kumar | 5230 Hollt Court | Chino, CA 91710 | $37,641.26 |
| WJBNL LLP | Attn: Lawrence E. Duffy, Jr. | 1 Civc Boulevard West, Fifth Floor | Orange, CA 92568 | $38,481.00 |
| Window Cleaning Professio | P.O. Box 34142 | Los Angeles, CA 90034 | | $775.00 |
| Wow Kids, Inc. | Attn: Sung P. Hong | 1100 S. Grand Ave. | Los Angeles, CA 90007 | $82,764.00 |
| Yahoo! Inc. | c/o Holmes, Bergen & Schwab | Attn: Lawrence Schwab/ Thomas Gaa | 633 Menlo Avenue, Suite 100 | Menlo Park, CA 94025 | $58,704.21 |
| | | | | $19,619,198.83 |

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is 10250 Constellation Boulevard, Suite 1700, Los Angeles, CA 90017.

A true and correct copy of the foregoing document entitled **NOTICE OF MOTION AND MOTION FOR THE ENTRY OF (1) A FINAL DECREE CLOSING THE DEBTOR'S CHAPTER 11 CASE AND (2) AN ORDER PROVIDING RELATED RELIEF; MEMORADUM OF POINTS AND AUTHORITIES AND DECLARATION IN SUPPORT THEREOF** will be served or was served (a) on the judge in chambers in the form and manner required by LBR 5005-2(d); and (b) in the manner stated below:

**1.   TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On _April 7, 2020_, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- **Todd M Arnold**     tma@lnbyb.com
- **Wesley H Avery**     wes@averytrustee.com, lucy@averytrustee.com;lsabel@averytrustee.com
- **Michael W Binning**     mbinning@binninglaw.com, mbinning1@mac.com;w.mr73371@notify.bestcase.com
- **Peter Bonfante**     pbonfante@celsinc.com
- **Brian Brager**     bbrager@bradfordcapitaladvisors.com
- **Larry Butler**     notices@becket-lee.com
- **Diana K Carey**     dcarey@karrtuttle.com, mhernandez@karrtuttle.com;mmunhall@karrtuttle.com
- **Helena DeYoung**     jsong@liquiditysolutions.com
- **Jeffrey W Dulberg**     jdulberg@pszjlaw.com
- **Joseph A Eisenberg**     jae@jmbm.com, vr@jmbm.com;bt@jmbm.com;jae@ecf.inforuptcy.com
- **Ryan A. Ellis**     re@h2law.com, ajc@h2law.com
- **Scott Ewing**     contact@omnimgt.com, sewing@omnimgt.com;ecf@omnimgt.com;docketalarm-ecf-cacb-5715976304852992@inbound.docketalarm.com
- **Vincent Filardo**     Vincent.filardo@mishcon.com, kristi.keiser@mishcon.com
- **Bruno Flores**     bruno@brunoflores.com, rachel@brunoflores.com;sally@brunoflores.com;genesis@brunoflores.com;clerk@brunoflores.com;r49914@notify.bestcase.com
- **Thomas M Gaa**     tgaa@bbslaw.com
- **Thomas M Geher**     tmg@jmbm.com, bt@jmbm.com;fc3@jmbm.com;tmg@ecf.inforuptcy.com
- **Fredric Glass**     fglass@fairharborcapital.com
- **Matthew A Gold**     courts@argopartners.net
- **Michael I. Gottfried**     mgottfried@elkinskalt.com
- **Michael S Greger**     mgreger@allenmatkins.com, kpreston@allenmatkins.com
- **Steven T Gubner**     sgubner@bg.law, ecf@bg.law
- **Gaye N Heck**     gheck@bbslaw.com
- **Brian L Holman**     b.holman@mpglaw.com
- **Eric P Israel**     eisrael@DanningGill.com, danninggill@gmail.com;eisrael@ecf.inforuptcy.com
- **Kevin H Jang**     khjlawcorp@gmail.com, info.Khjlawcorp@gmail.com
- **Nathan E Jones**     info@usdrllc.com
- **Ori Katz**     okatz@sheppardmullin.com, cshulman@sheppardmullin.com;ezisholtz@sheppardmullin.com;lsegura@sheppardmullin.com
- **Daniel J Kelly**     daniel.kelly@tuckerellis.com, rene.paufve@tuckerellis.com
- **Gerald P Kennedy**     gerald.kennedy@procopio.com, angela.stevens@procopio.com;calendaring@procopio.com;efile-bank@procopio.com
- **Andre A Khansari**     andre@khansarilaw.com, legal@khansarilaw.com
- **Alan M Kindred**     akindred@leechtishman.com, alankindred@hotmail.com;dtomko@leechtishman.com;challer@leechtishman.com
- **Gary E Klausner**     gek@lnbyb.com
- **Matthew Klinger**     mklinger@sheppardmullin.com, dgatmen@sheppardmullin.com;kjeong@sheppardmullin.com
- **Kenneth G Lau**     kenneth.g.lau@usdoj.gov

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

_June 2012_                                                                                                    **F 9013-3.1.PROOF.SERVICE**

- **Kenneth T Law    ken@bbslaw.com**
- **Malcolm Leader-Picone    mlp@leader-picone.com**
- **Angie S Lee    asl.ecf@gmail.com**
- **Wendy A Loo    wendy.loo@lacity.org**
- **Kevin Meek    kmeek@robinskaplan.com, kevinmeek32@gmail.com;kmeek@ecf.inforuptcy.com**
- **Lana Milojevic    lana.milojevic@mishcon.com, james.parker@mishcon.com**
- **Julie Montgomery    jmontgomery@brownconnery.com, jmontgomery@brownconnery.com**
- **Margreta M Morgulas    mmorgulas@okinhollander.com**
- **Alan I Nahmias    anahmias@mbnlawyers.com, jdale@mbnlawyers.com**
- **Vahak Papasian    vahak@vaplaw.com, test@ecf.courtdrive.net**
- **Penelope Parmes    penelope@parmeslaw.com**
- **Jeffrey N Pomerantz    jpomerantz@pszjlaw.com**
- **Uzzi O Raanan    uraanan@DanningGill.com, DanningGill@gmail.com;uraanan@ecf.inforuptcy.com**
- **Kurt Ramlo    kr@lnbyb.com, kr@ecf.inforuptcy.com**
- **J. Alexandra Rhim    arhim@hrhlaw.com**
- **Terrel Ross    tross@trcmllc.com**
- **Victor A Sahn    vsahn@sulmeyerlaw.com, pdillamar@sulmeyerlaw.com;pdillamar@ecf.inforuptcy.com;vsahn@ecf.inforuptcy.com;cblair@sulmeyerlaw.com;cblair@ecf.inforuptcy.com;dlee@metallawgroup.com;dlee@ecf.inforuptcy.com**
- **Ryan M Salzman    ryan.salzman@faegredrinker.com, willie.ackart@faegredrinker.com**
- **Allan D Sarver    ADS@asarverlaw.com**
- **Benjamin Seigel    bseigel@gblawllp.com, ksopky@gblawllp.com**
- **Mark M Sharf    msharf00@gmail.com, 2180473420@filings.docketbird.com;mark_091@ecf.courtdrive.com**
- **Richard B Sheldon    rbs@msk.com, mec@msk.com**
- **David B Shemano    dshemano@shemanolaw.com**
- **Martina A Slocomb    rockymountainlaw@yahoo.com**
- **Lindsey L Smith    lls@lnbyb.com, lls@ecf.inforuptcy.com**
- **Howard Steinberg    steinbergh@gtlaw.com, pearsallt@gtlaw.com;laik@gtlaw.com**
- **Ovsanna Takvoryan    ot@tlgapc.com, r48607@notify.bestcase.com**
- **Robert Tannor    rtannor@creditorliquidity.com**
- **United States Trustee (LA)    ustpregion16.la.ecf@usdoj.gov**
- **Andrew F Whatnall    awhatnall@daca4.com**
- **Dennis J Wickham    wickham@scmv.com, nazari@scmv.com**
- **Douglas Wolfe    dwolfe@asmcapital.com**
- **Elisa B Wolfe-Donato    Elisa.Wolfe@doj.ca.gov**

**2.  <u>SERVED BY UNITED STATES MAIL</u>**: On **_April 7, 2020_**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be completed</u> no later than 24 hours after the document is filed.

☒ Service information continued on attached page

**3.  <u>SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL</u>** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on **_April 7, 2020,_** I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge <u>will be completed</u> no later than 24 hours after the document is filed.

<u>**SERVED BY OVERNIGHT MAIL**</u>
Honorable Sheri Bluebond
United States Bankruptcy Court
255 E. Temple Street, Suite 1534 / Courtroom 1539
Los Angeles, CA 90012                    ☐ Service information continued on attached page

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| April 7, 2020 | Lourdes Cruz | /s/ Lourdes Cruz |
|---|---|---|
| Date | Printed Name | Signature |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                    **F 9013-3.1.PROOF.SERVICE**

Nasty Gal
RSN + 20 Largest + Secured
File No. 8302

Stuart Komrower/Ryan T. Jareck
COLE SCHOTZ P.C. **RSN**
25 Main Street
Hackensack, NJ 07601

Cotton Candy LA
Attn: Eung Jin Kim
735 E. 12th Street #103
Los Angeles, CA 90021

KPN Apparel, LLC dba Dance &
Marvel
Attn: Emma Kang
2460 E. 12th St., #D
Los Angeles, CA 90021

Melt Wearhouse LLC
Attn: Christopher Powell
6111 S. Gramercy Place, Units 2 & 6
Los Angeles, CA 90047

Olivaceous
Attn: Jahee K. Jung
1041 Towne Avenue
Los Angeles, CA 90021

BNB Footwear
Attn: Robert Keely
2330 Pontius Ave #101
Los Angeles, CA 90064

Mert Beraze **RSN**
1420 Paloma Street
Los Angeles, CA  90021

523 W. 6th Street Property
c/o Callahan Capital
Attn: Todd Hartman
Properties LLC
10 S. Riverside Plaza Suite 2050
Chicago, IL 60606

American Vintage
Attn: Karla Soto
Clothing Corp.
8258 Phlox Street
Downey, CA 90241

Bardot
Attn: Julia Banas
63 Victoria Cresent
Abbotsford, VIC 03067-0000

Dance & Marvel
Attn: Cindy Cho
1015 Crocker Street
No. Q2
Los Angeles, CA 90015

Endless Rose
Attn: Mindy Song
3775 Broadway Place
Los Angeles, CA 90007

Fast Fashion Coll
Attn: Matthew Newton
INT Unit 33 Irlam Business Centre
Soapstone Way
Manchester, United Kingdom
M44 6RA

Fenwick & West LLC
Attn: Ted Wang
801 California Street
Mountain View, CA 94041

Google Inc.
Attn: Nisha Yadwad
1600 Amphitheatre Pkwy
Mountain View, CA 94043

Honey Bunch
Attn: Kathy Walker
1535 Rio Vista Avenue
Los Angeles, CA 90023

Hunt-Jacobsen
Properties, LLC
c/o Mr. Howard Kong
11601 Wilshire Blvd., 17th Floor
Los Angeles, CA 90025

LeMeilleur, Inc dba Miley & Molly
Attn: Jamie
3055 Fruitland Ave
Los Angeles, CA 90058

Lovely Day
Attn: Stephen
1100 S. San Pedro Street
#O-12
Los Angeles, CA 90015

Prologis NA2 RPP Kentucky LLC
Attn: Susan Harvey
8102 Zionsville Road
Indianapolis, IN 46268

Rakuten Marketing LLC
Attn: Tamara Cabusas
Affiliate Payments Department
215 Park Avenue South, 8th Floor
New York, NY 10003

Rare Fashion Ltd.
Attn: Reena Talwar
Unit 34 Wellington Employment Park,
Liverpool
Merseyside GB 159 1000 37

Shoe Boos
Attn: Vanessa Shaboo
1 Telford's Yard
London,
United Kingdom E1W 2BQ

United Parcel Services Inc.
Attn: Michael Merrilees
P.O. Box 7247-0244
Philadelphia, PA 19170-0244

Hercules Technology Growth
Services/Chief Legal Officer And
Shant Sood
400 Hamilton Ave Suite 310
Palo Alto, CA 94301